People *v.* O'Connell.

---

# THE PEOPLE *v.* O'CONNELL *et al.*

A JUDGMENT by default should not be set aside by the Court, unless the defendant shows by competent proof, that the judgment was entered through mistake, inadvertence, surprise, or excusable neglect on his part; and the payment of costs should be imposed as a condition of setting aside the judgment.

APPEAL from the District Court, Fourth Judicial District, Contra Costa County.

The facts are stated in the opinion of the Court.

*Mark Shepard*, for Appellants.

*E. W. F. Sloan*, for Respondents.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an appeal from an order setting aside a judgment by default, entered in an action for delinquent taxes. The judgment was rendered on the twenty-fifth day of March, 1862, against the defendant O'Connell and the real estate described in the complaint, for the amount of taxes, per centage, and costs. The record shows that the summons was duly served on the defendant O'Connell and the real estate in the manner prescribed by the statute, on the thirtieth day of January, 1862, and that defaults were duly entered on the seventeenth day of February and the twenty-fifth day of March. On the ninth day of June, 1862, the defendants, without any affidavit or other showing, moved the Court to vacate the judgment, which was granted, and an order was entered accordingly, from which the plaintiffs appeal.

Sec. 68 of the Practice Act authorizes the Court, " upon such terms as may be just, and upon payment of costs, to relieve any party or his legal representatives from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect." The order itself is erroneous, in not imposing the payment of costs, as a condition of setting aside the judgment. But the Court also erred in making the order in the absence of any showing or proof on the part of the defendant, that the judgment was entered through mistake, inadvertence, surprise, or excusable neglect on his part. The facts should be made to appear by affidavit, or other proper proof, showing that the case is one provided for by said section to authorize the Court to make the order.

The order is reversed.