### EMERICK vs. KRAUSE.

*April 23 — May 10, 1881.*

#### Costs defined.

In the statute which provides that if the plaintiff in certain actions recover less than fifty dollars damages, "he shall recover no more costs than damages" (subd. 4, sec. 2918, R. S.), the word "costs" includes *disbursements.*

APPEAL from the Circuit Court for *Marathon* County.

Action for slander. The plaintiff recovered six cents damages. The court gave judgment on the verdict against the defendant for the damages assessed, for six cents costs, " as per statute," and also for disbursements taxed and allowed at $86.27. The items of such disbursements are: State tax, $1; fees of sheriff, $1.20; clerk, $10; commissioner, $1.50; witnesses, $71.82; notary, 75 cents.

The defendant appealed from that part of the judgment which required him to pay such disbursements.

The cause was submitted on the brief of *Silverthorn & Hurley* for the appellant, and that of *Carl H. Mueller* and *Eldred & Grace* for the respondent.

Lyon, J. The disbursements taxed against the defendant and included by that name in the judgment, are *costs*, within the meaning of the statutory provision which limits the plaintiff's recovery of costs to six cents. R. S., 771, sec. 2918, subd. 4. Section 2921 provides that " when allowed, *costs* shall be as follows: . . . All the necessary disbursements and fees of officers allowed by law, including suit tax," etc. This plainly shows that disbursements are included in the general term " costs." True, in the same section occurs the expression, " costs, exclusive of disbursements; " but it is employed only as a convenient mode of stating a limitation in certain classes of actions, of what are usually termed attorneys' fees. Other statutes mention " costs and disbursements; " but we suppose this form of expression was adopted, not for the purpose of making a distinction between costs and disbursements, but because it is a phrase in common use amongst lawyers, like " goods, wares and merchandise," and best expresses the subject matter of those statutes.

The argument of the learned counsel for the plaintiff to support the judgment is rested entirely upon the peculiar phraseology of the statutes above mentioned. It is ingenious,

but does not seem to be supported either by principle or authority. So far as we know, the authorities are all against it. These all hold that the costs are the expenses incurred by a party in the prosecution or defense of an action or judicial proceeding, and that they consist of the fees of attorneys, solicitors, or other officers of the court, and such disbursements as are allowed by law. We have never before heard of a case in this state or elsewhere in which disbursements have been recovered *eo nomine* when the statute denied costs in the case.

*By the Court.*— That portion of the judgment appealed from is reversed.