ERPENBACH v. CHICAGO, M. & ST. P. RY. CO.

Under Comp. Laws, § 6065, permitting a justice, "on such terms as may be just, and on payment of costs," to set aside a judgment by default, the term "costs" includes the attorney's fee specified in Sec. 6143.

(Opinion filed May 26, 1896.)

Appeal from circuit court court, Hutchinson county.  Hon. E. G. SMITH, Judge.

In an action before a justice of the peace, plaintiff had judgment by default.  On defendant's appeal to the circuit

court, an order made by the justice, as to costs, was reversed. Plaintiff appeals.    Reversed.

The facts are stated in the opinion.

*Hooper & Johnson,* for appellant.

"The court may also, on such terms as may bè just, and on payment of costs, relieve a party from a judgment by default taken against him by his mistake, inadvertance, suprise or excusable neglect." Comp. Laws, § 6065.    See also Gaines v. White 1 S. D. 434 (441); Roland v. Kreyhagen, 18 Cal. 455; People v. O'Connell, 23 Cal. 281; Howe v. Independence Cp. 29 Cal. 72; Bailey v. Taafe, 29 Cal. 422; Leets v. Grants, 36 Cal. 288; Enerick v. Krause, (Wis.) 9 N. W. 16.

*R. B. Tripp,* for respondent.

The statute means only such costs as are incurred by the default.    Ryan v. Mooney, 49 Cal. 33.

CORSON, P. J.    This is an appeal by the plaintiff from an order of the circuit court vacating and setting aside an order of a justic's court.    In an action brought by plaintiff in a justice court, a judgment by default was entered in favor of the plaintiff.    On motion of defendant, and for cause shown, an order was made that the default judgment be vacated, and the defendant given leave to answer upon the payment of costs.    The costs were taxed at $12.35, including $5 attorney's fee.    The defendant offered to pay $7.35, but declined to pay the $5 attorney's fee.    The justice court thereupon made a second order denying the defendant's motion to open the default, and the defendant served and filed with the justice a notice of appeal to the circuit court, but gave no undertaking on appeal.    Upon the notice of appeal was indorsed, however, the following stipulation:    "Due service admitted, and undertaking for costs and stay is hereby waived."    Signed by plaintiff's attorneys.    On the trial in the circuit court that court made the order from which this appeal is taken, which is as follows:    "This action having been regularly brought on to be heard upon defendant's

notice of trial of the issues of law involved herein, Hooper & Johnson appearing for the plaintiff and R. B. Tripp for the defendant, and it appearing to the court that the justice from whose court this appeal is taken ought to have relieved the defendant from the default judgment on the payment of the costs it offered to pay, it is adjudged that the order of the justice of June 21, 1895, refusing to relieve the defendant, be, and the same hereby is, vacated and set aside, with costs in favor of the defendant and against said plaintiff taxed at —— dollars. It is further ordered and adjudged that, upon the payment of said costs, the case be transmitted to the court from which this appeal is taken." Appellant asserts in his abstract that a motion was made by the plaintiff and respondent on the appeal to the circuit court to dismiss the appeal, for the reason that no undertaking was filed. This is denied by the appellant in this appeal by an additional abstract, but, as we do not deem it necessary to decide the question of the regularity of the appeal taken to the circuit court, we shall not attempt to settle the disputed facts presented by the two abstracts. We shall assume, for the purposes of this decision, that the circuit court had jurisdiction. The question that we shall consider is, could the justice impose as a condition for vacating the judgment by default, and permitting the defendant to answer, the payment of all costs, and include therein an attorney fee of $5, allowed by the statute? The last clause of Sec. 6065, Comp. Laws, provides: "The court may also, on such terms as may be just, and on payment of costs, relieve a party from a judgment by default, taken against him by his mistake, inadvertence, surprise or excusable neglect; but the application for such relief must be made within ten days after the entry of the judgment, and upon an affidavit showing good cause therefor." It will be observed that a judgment by default can only be vacated upon payment of costs. By a preceding clause in the same section, it is provided that, when an adjournment is made necessary by an amendment to the pleadings, the justice may, "in his discretion, require, as a

condition to the allowance of such amendment, made after issue joined, the payment of such costs to the adverse party as he may be put to by reason of such adjournment." In this clause it will be noticed that the costs to be imposed are limited. But in the clause under which a judgment by default may be set aside the justice is required to impose the payment of costs as a condition, but the learned counsel for the respondent contends that the amount is not specified, and that the costs intended by this clause are merely the costs of opening up the default; but we cannot accede to this view. If the legislature intended to limit the costs to the mere costs of setting aside the judgment, it would have so limited the amount, as it had done in the case of an adjournment, made necessary by an amendment to the pleadings. When a judgment by default has been entered, the case is concluded, and, as a condition to granting leave to answer and a trial upon the merits, it seems but just and right that the costs incurred by the plaintiff up to the time the motion is made should be paid by the defendant. It is conceded by respondent's counsel that, if the justice had omitted to impose costs as a condition for setting aside a judgment, it would have been error. People v. O'Connell, 23 Cal. 281; Howe v. Mining Co., 29 Cal. 73. In Leet v. Grants, 36 Cal. 288, and Howe v. Mining Co., *supra*, it was held that the condition under a statute similar to the one we are considering should be the payment of all costs previous to the motion to set aside the judgment. In Emerick v. Krause, 52 Wis. 358, 9 N. W. 16, the supreme court of Wisconsin says, in commenting upon the decisions on the subject of costs: "These all hold that the costs are the expenses incurred by a party in the prosecution or defense of an action or judicial proceeding, and that they consist of the fees of attorneys, solicitors, or other officers of the court, and such disbursements as are allowed by law." The statute of this state, upon the subject of costs in the higher courts, is to the same effect. The last clause of Sec. 5186, Comp. Laws, reads as follows: "But in civil actions

there may be allowed to the prevailing party upon the judgment certain sums by way of indemnity for his expenses in the action, in addition to the disbursements now allowed by law, which allowances are termed 'costs.' "    And Sec. 5187 provides that "when allowed, the costs mentioned in Sec. 5186 shall be as follows." Then follow certain specified sums as attorney's fees in the action.    A similar provision is made for an attorney's fee by Rec. 6143 in justice's court.    The attorney's fee is not, in terms, denominated "costs," but it is clear, from the language of the section, that it was intended to be treated as costs, and included in the judgment the same as the other costs in the case.

We are clearly of the opinion, therefore, that the term "costs," as used in Sec. 6065, which the justice is required to impose as a condition for setting aside the judgment, and permitting the defendant to come in and defend, includes the attorney's fee specified in Sec. 6143.    These conclusions lead to a reversal of the order made by the circuit court, and that order is reversed.