[Civ. No. 6569. First Appellate District, Division Two.—December 17, 1928.]

NANCY B. CLECAK, Appellant, v. W. F. DUNN et al., Respondents.

Leo R. Friedman for Appellant.

A. Don Duncan, Nat Schmulowitz and C. M. Booth for Respondents.

DOOLING, J., *pro tem.*—Plaintiff and appellant, who is the divorced wife of respondent John A. Clecak, on June 14, 1926, procured a writ of execution for unpaid alimony in the sum of $2,078 to be levied on the respondents W. F. Dunn and J. A. Williams, copartners doing business as Dunn-Williams Co., to garnish a debt alleged to be owing from said Dunn and Williams to respondent Clecak. Dunn and Williams, by return to the levy, denied any indebtedness to Clecak. Thereafter, on June 26, 1926, appellant commenced this suit in equity seeking a decree establishing the existence of said alleged indebtedness and compelling its application in satisfaction of said judgment for alimony. Respondents answered, admitting that the respondent Clecak had earned a certain commission of $1,500 by reason of an exchange of two parcels of real property in the negotiation of which he had acted as one of the brokers, but alleged that nothing was due or owing from respondents Dunn and Williams to respondent Clecak by reason of the following facts: That on January 19, 1926, Dunn and Williams had become the accommodation makers with Clecak of one promissory note for $4,000 and had unconditionally· guaranteed the payment of another note executed by Clecak for $6,000; and that coincident therewith, as security against loss by Dunn and Williams in case they should be compelled to pay all or any part of such notes, Clecak had executed and delivered to Dunn and Williams his promissory note for $10,000 and "it was then and there agreed by and between the said W. F. Dunn and J. A. Williams, doing business as the Dunn-Williams Co., and the said John A. Clecak, that any commissions due or owing or belonging to the said John A. Clecak through or from the Dunn-Williams Co.

should not be paid to said John A. Clecak, but should be credited on account of said promissory note or on account of the said two obligations for which the said Dunn-Williams Co. were guarantors for the said John A. Clecak, at the option of the said Dunn-Williams Co.''; and that the $1,500 commission earned by Clecak was accordingly not due or owing to Clecak, but ''to pass as a credit on the account of John A. Clecak with W. F. Dunn and J. A. Williams on account of the aforesaid agreements.'' The evidence showed without conflict that the $1,500 was earned by Clecak as a commission from Dunn and Williams for the exchange of a hotel building in which Dunn and Williams had a one-half interest, that only a small part of the notes for $4,000 and $6,000, respectively, had been paid, and that on June 30, 1926, Dunn and Williams, acting pursuant to their claimed rights under their agreement with Clecak, entered a credit on their books of $1,500 in favor of Clecak on his $10,000 note held by them.

Because we believe it to be the crux of the case, we quote rather fully from the testimony of Dunn and Clecak, who were the only witnesses examined on this subject, concerning Clecak's agreement with Dunn and Williams.

Respondent W. F. Dunn testified as follows:

''It was agreed that he (Clecak) was to leave with our firm the sums that he earned through our office in commissions. . . .

''Q. But you had an understanding with Mr. Clecak whereby Mr. Clecak was to leave with your firm any monies that he received through dealings with your firm? A. Yes. . . .

''Q. . . . What were to become of the commissions?

''A. They were to be credited on the books of our account and if he did not make his payments upon the Beecher and Ivancovich notes and we should be called upon to make the payments and advance that money for him.''

Respondent Clecak testified: ''I assigned all the commissions made through their office to Dunn-Williams Co. as a guarantee that I would pay that $10,000 as I was called upon to meet them. I agreed that all the commissions be assigned to the Dunn-Williams Co., and this would stand until the account was weeded out.''

Judgment went for the defendants and this appeal is prosecuted therefrom.

Appellant presents her appeal on the theory that there was no assignment, either legal or equitable, of the $1,500 commission to Dunn and Williams prior to the levy of the execution and the commencement of the suit, and hence that by the levy appellant obtained the right to compel the payment of the $1,500 to her which she could not subsequently be deprived of by any act of the parties. This is based on the claim that under the agreement Dunn and Williams had the option to apply this commission either as a credit on Clecak's note for $10,000 which they held or to pay it on one or the other of the notes upon which they were liable, and that until they had exercised this option in some manner the commission had not been appropriated by them under the agreement and was therefore unqualifiedly due to Clecak at the time of the levy. We do not think that the agreement as testified to justifies this contention. The legal effect of the agreement was that any commissions earned from them by Clecak should be held by Dunn and Williams for their protection as a guarantee against loss from their liability upon the notes of Clecak to others upon which they had made themselves liable. Until the notes were fully paid, any commissions earned by Clecak from Dunn and Williams did not ripen into a debt, but constituted a mere contingent or conditional obligation. It was expressly stipulated by counsel for appellant that there was no element of fraud in this agreement. In the absence of fraud appellant can stand in no better position than Clecak could. Since Clecak could not have enforced payment at any time prior to the trial of this action, his judgment creditor cannot do so. "A debt which is uncertain and contingent in the sense that it may never become due and payable, is not subject to garnishment." (28 Cor. Jur. 130; 12 R. C. L., p. 794; *Early* v. *Redwood City*, 57 Cal. 193; *Maier* v. *Freeman*, 112 Cal. 8, 13 [53 Am. St. Rep. 151, 44 Pac. 357].)

In this view of the case it becomes unnecessary to determine whether the commission was earned after the levy as found by the court or prior thereto as claimed by appellant. In neither event was anything due to Clecak so as to be subject to garnishment.

It is likewise immaterial that the $1,500 was on June 30, 1926, credited on Clecak's note to Dunn and Williams. That was a mere matter of bookkeeping. The material fact is that, in good faith and without fraud, Dunn and Williams were given the right by Clecak to retain this commission for their protection until such time as the notes on which they were liable had been fully paid.

In the absence of fraud Clecak could perform services for Dunn and Williams on any terms that he saw fit. Having agreed to those terms neither he nor anyone standing in his shoes can now complain of them.

Judgment affirmed.

Sturtevant, J., and Koford, P. J., concurred.