[Civ. No. 7092. Second Appellate District, Division One.—February 3, 1932.]

DAVIS M. DWYER, Respondent, v. JACK DAVIS, Appellant.

Haas & Dunnigan for Appellant.

Chris Wilson for Respondent.

TAPPAAN, J., *pro tem.*—This is an appeal from an order denying appellant's motion to have set aside a default entered against him, and the judgment entered pursuant thereto. From the transcript on appeal it appears that on April 16, 1929, appellant was served with a summons and complaint in a personal injury action. On April 25, 1929, appellant placed a copy of the summons and complaint in the hands of an attorney, for the purpose of having said attorney represent him in the defense of such action. The attorney did not immediately appear for appellant, nor did he file an answer or demurrer upon his behalf, but it would appear from his affidavit, he sought, without success, to get in touch by telephone with plaintiff's attorney. Four days later the attorney for defendant and appellant attempted to file an answer, but then found that a default had been entered. The default was entered three days after the time to answer had expired. Two of the intervening days were Saturday and Sunday.

On May 4, 1929, said attorney verified an affidavit upon a motion to have the default set aside on the ground of inadvertence and excusable neglect. This affidavit did not contain an affidavit of merits, nor does the transcript disclose that any sufficient affidavit of merits was filed on this motion. This motion was denied on May 21, 1929, and judgment was entered by the court, on June 8, 1929, in favor of plaintiff and against defendant. The appellant, again on August 12th made a motion to set aside the default and judgment entered thereon. This motion was also denied. In support of this latter motion there were filed affidavits and a verified answer and counterclaim. The affidavit of the attorney originally filed herein and referred to on this motion, states, after reciting the facts heretofore set forth, the additional

fact that he had attempted to get in touch with the defendant, named in the summons and complaint, prior to the date of the entry of the default, but had failed for the reason that defendant had no telephone. The second affidavit, presented with said motion, was made by the manager of an insurance company in which defendant was insured against property damage and public liability in connection with his automobile. The action here arose from an automobile accident. This affidavit states that defendant was also a member of an automobile association, which membership entitled him to defense in actions pertaining to accidents in connection with automobiles; that the attorney who appeared upon the first motion, was attorney for the association, but not attorney for the insurance company; that the insurance company had no information as to the action being filed or the default entered until after the entry of the default; that the insurance company under the terms of its policy with defendant will be forced to pay the judgment herein; that the defendant after being served with the summons and complaint forwarded the same to the attorney who appeared upon the first motion for the purpose of having the said attorney represent him in connection therewith. The answer set up a general denial, alleges contributory negligence on the part of the plaintiff, and counterclaims for damages. Plaintiff's attorney upon the hearing of this motion filed a counter-affidavit, but this affidavit sets up no further facts.

"The legal principles by which courts are guided in considering motions to set aside defaults are well established and are comparatively simple. The trial court is to exercise a sound and legal discretion in passing upon the application. This discretion is not capricious or arbitrary, but it is an impartial discretion and is to be exercised in such a manner as to conform with the spirit of the law by subserving and not impeding or defeating the ends of substantial justice." (*Waite* v. *Southern Pac. Co.*, 192 Cal. 467 [221 Pac. 204]; *Toon* v. *Pickwick Stages, Inc.*, 66 Cal. App. 450, 453 [226 Pac. 628, 629].) "The authorities uniformly declare that a motion to set aside a default judgment is addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse in the exercise thereof an appellate court will not disturb the order of the court below." (*Waybright* v. *Anderson*, 200 Cal. 374, 377 [253 Pac. 148, 149].)

Where, as in the present case, the appellant delayed until the eleventh hour to place the summons and complaint in the hands of an attorney, to whom he was privileged to look to defend him in the action, and where that attorney failed within the time limited to appear in the action, but only made an unsuccessful attempt to secure an extension of time by telephone, it cannot be said that the trial court has shown an abuse of discretion in denying the motion. "That an appellate court would have upon the same showing reached a conclusion opposed to that of the trial court is not indicative of an abuse of discretion upon the part of said lower court." (*Waybright* v. *Anderson, supra.*)

The order and judgment appealed from are affirmed.

Houser, Acting P. J., and York, J., concurred.