[Civ. No. 2360. Fourth Appellate District.—December 4, 1939.]

I. A. STUB, Appellant, v. M. E. HARRISON, Respondent.

John H. Bowlby for Appellant.

Wright, Monroe, Harden & Thomas for Respondent.

GRIFFIN, J.—This is an appeal from an order vacating a default and a default judgment. The action was brought by the plaintiff to recover damages alleged to have been sustained by him in an automobile collision. It was filed on April 12, 1939. Defendant M. E. Harrison was a resident of Los Angeles County and summons and complaint were served on him in that county on May 10, 1939. As is shown by the affidavits on file in this action, the defendant promptly delivered the papers to his insurance carrier in the city of Los Angeles, which by the terms of its insurance contract undertook the defense. On May 16, 1939, these papers were forwarded by the insurance carrier to counsel for respondent herein in San Diego, who regularly represents it, the papers being addressed to the attention of a particular member of the firm. They were received on May 17, 1939. The attorney promptly communicated with an insurance adjuster of San Diego who had charge of the investigation of the accident and on May 18, 1939, had a conference with him, at which time there were delivered to the attorney statements of witnesses and other matters setting forth the facts of the case.

The defendant, it is claimed, desired to file a cross-complaint but it developed that the files delivered to the attorney, although sufficient to enable him to prepare an answer, did not contain all of the information necessary for the drafting of the cross-complaint.

Inasmuch as he had until June 10, 1939, or thereabouts to file a pleading, the attorney communicated with the insurance

carrier in Los Angeles requesting the additional information. As shown by the affidavits on file, on the evening of the 19th day of May, 1939, the attorney in charge of the case received information by telephone that his son had been seriously injured and was confined in a hospital at Palo Alto, California. The following morning, Saturday, May 20, 1939, the attorney left for Palo Alto and was at the bedside of his son until May 30th, when he returned to San Diego. As a result of his absence from the city, much legal work and other matters requiring his attention had accumulated on his desk and as a result he was busily engaged on every day thereafter in an attempt to catch up with his work and business by reason of the time lost on the trip to Palo Alto, and on several of the intervening days between that day and the 13th day of June, 1939, he was engaged in the trial of a case in the Superior Court of San Diego County. By reason of this situation and owing to the mental state of counsel over the seriousness of the injury to his boy, the matter of preparing the pleading in this case, it is claimed, entirely escaped his attention and it was not until on the evening of June 13, 1939, when clearing off his desk of accumulated pleadings and correspondence, that his attention was again called to the case. Immediately on the morning of June 14th the attorney prepared and caused to be served an answer, and it was not until this pleading was filed in the clerk's office that he discovered that a default had been taken.

Defendant's attorney, immediately on the same day prepared a notice of motion to vacate the default and affidavit in support of that motion, setting up the facts hereinbefore referred to. It developed that the default had been entered on June 10, 1939. After preparing the papers for setting aside the default, defendant's attorney learned that the attorney for the plaintiff would attempt on the same day to obtain a default judgment. On the afternoon of June 14th, after the service not only of the answer but of the motion to set aside the default, the attorney for the plaintiff appeared in the superior court and applied for judgment. One of the defendant's attorneys appeared in open court and called attention to the fact that defendant had attempted to answer, and that there were already filed and pending an application and motion to set aside the default. Plaintiff and his attorney insisted, however, on proceeding, and the court, despite

the pendency of the motion to vacate the default, and despite the protest of counsel for defendant in open court, rendered judgment by default.

Thereupon, defendant, through his attorneys, served and filed the necessary motion and supporting papers to set aside both default and judgment. This motion came up for hearing in the superior court, before another judge thereof, on June 26, 1939, the same day named in the original notice of motion to set aside the default, and after argument of counsel the motion was granted. Because of the insistence of the plaintiff that he had gone to expense in procuring attendance of witnesses and taking the default judgment, the court ordered and required defendant to pay to plaintiff the sum of $25 as a condition to setting aside the default.

The order setting aside the default and judgment was signed and entered on June 29, 1939. Thereafter, pursuant to the court's requirement, counsel for defendant on June 30, 1939, issued and delivered to the attorney for plaintiff their check for $25, which was cashed and the proceeds retained by him. From this order setting aside the default and default judgment plaintiff has appealed.

It is the position assumed by the defendant and respondent that the situation involved amply justified the trial court in exercising its discretion to grant relief to him, and that the order of the trial court should be affirmed, citing *Melde* v. *Reynolds,* 129 Cal. 308 [61 Pac. 932]; *Lynch* v. *de Boom,* 26 Cal. App. 311 [146 Pac. 908]; *Waite* v. *Southern Pac. Co.,* 192 Cal. 467 [221 Pac. 204]; *Brill* v. *Fox,* 211 Cal. 739 [297 Pac. 25]; *Weck* v. *Sucher,* 96 Cal. App. 422 [274 Pac. 579]; *Strosnider* v. *Superior Court,* 17 Cal. App. (2d) 647 [62 Pac. (2d) 1394]; *Bodin* v. *Webb,* 17 Cal. App. (2d) 422 [62 Pac. (2d) 155]; *Kalson* v. *Percival,* 217 Cal. 568 [20 Pac. (2d) 330]; *Jones* v. *Title Guaranty & Trust Co.,* 178 Cal. 375 [173 Pac. 586]; *County of Los Angeles* v. *Lewis,* 179 Cal. 398 [177 Pac. 154]; *Dunn* v. *Standard Acc. Ins. Co.,* 114 Cal. App. 208 [299 Pac. 575]; *Dwyer* v. *Davis,* 120 Cal. App. 435 [8 Pac. (2d) 168]; *Nicoll* v. *Weldon,* 130 Cal. 666 [63 Pac. 63]; *Berri* v. *Rogero,* 168 Cal. 736 [145 Pac. 95]; *O'Brien* v. *Leach,* 139 Cal. 220 [72 Pac. 1004, 96 Am. St. Rep. 105]; *Downing* v. *Klondike M. & M. Co.,* 165 Cal. 786 [134 Pac. 970]; *Farrar* v. *Steenbergh,* 173 Cal. 94 [159 Pac. 707];

*Carbondale Machine Co.* v. *Eyraud,* 94 Cal. App. 356 [271 Pac. 349]; *Burns* v. *Scooffy,* 98 Cal. 271 [33 Pac. 86].

Appellant maintains that the facts set forth in support of the respondent's motion to vacate the default judgment do not show any legal surprise, inadvertence or excusable neglect, but do definitely show gross and inexcusable neglect, citing *Smith* v. *Tunstead,* 56 Cal. 175; *Romero* v. *Snyder,* 167 Cal. 216 [138 Pac. 1002]; *Redding etc. Min. Co.* v. *National Surety Co.,* 18 Cal. App. 488 [123 Pac. 544]; *O'Brien* v. *Leach, supra*; *Ross* v. *San Diego Glazed Cement Pipe Co.,* 50 Cal. App. 170 [194 Pac. 1059]; *Durbrow* v. *Chesley,* 24 Cal. App. 416 [141 Pac. 631]; *Slater* v. *Selover,* 25 Cal. App. 525 [144 Pac. 298]; *Bailey* v. *Taaffe,* 29 Cal. 422, 423; *Shearman* v. *Jorgensen,* 106 Cal. 483 [39 Pac. 863]; *People* v. *O'Connell,* 23 Cal. 281, 282; *Gill* v. *Peppin,* 41 Cal. App. 487 [182 Pac. 815]; *Victor Power & Min. Co.* v. *Cole,* 11 Cal. App. 497 [105 Pac. 758].

We have read and examined the many authorities cited by both appellant and respondent. The appellate courts generally are more inclined toward upholding orders vacating defaults, upon proper showing, than affirming orders denying such motions. This seems to be the general rule even though upon the same showing made the appellate court would have reached a conclusion opposed to that of the trial court. Such conclusion would not necessarily be indicative of an abuse of discretion on the part of the trial court. This may explain many of the cases cited which would otherwise seem to be a conflict in the decisions. (*Dwyer* v. *Davis, supra*; *Waybright* v. *Anderson,* 200 Cal. 374, 377 [253 Pac. 148]; *O'Brien* v. *Leach, supra.*)

█ A motion to set aside a default judgment is addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse in the exercise thereof, an appellate court will not disturb the order of the court below. █ Section 473 of the Code of Civil Procedure is a remedial provision and is to be liberally construed so as to dispose of cases upon their substantial merits and to give to the party claiming in good faith to have a subsisting cause of action or a substantial defense thereto an opportunity to present it. The courts, therefore, are somewhat loath to penalize a litigant on account of some omission on the part of his attorney, particularly where the litigant himself has acted promptly and

has relied, as in the instant case, upon the attorney to protect his rights.

It has therefore been frequently held that default judgments may be set aside under section 473 of the Code of Civil Procedure where the default has been suffered by reason of the excusable neglect of the attorney. On appeal from an order granting relief under section 473 of the Code of Civil Procedure all presumptions will be indulged in favor of the correctness of the trial court's action and the burden in all cases is upon the appellant to make it appear that the court's discretion was abused in making the order. (*Callaway* v. *Wolcott*, 90 Cal. App. 753 [266 Pac. 574].) In the instant case, while the showing made in support of the motion is not in all respects of the strongest character, it cannot be said that it is not possessed of considerable merit.

The defendant himself was diligent and moved promptly. He relied upon his counsel. The seriousness of counsel's mental state, due to the anxiety over the injury to his son, was better known to the trial court than to this court. An incident of this nature may have more effect on some people than others. The trial court, exercising its sound discretion, has held that the neglect of the attorney was excusable. Counsel acted promptly after discovery of the inadvertence. While a motion to set aside the default was pending appellant, over respondent's objection, insisted upon the entry of the default judgment. Counsel who was guilty of neglect was properly penalized. Appellant has appealed from the conditional order setting aside the default and has also accepted and retained the penalty imposed. This court is not disposed to interfere with the discretion of the trial court in setting aside the default and judgment by default on the ground of mistake, inadvertence and excusable neglect so as to insure the trial upon the merits, but is disposed to give to the respondent the most favorable possible construction of the evidence in support of the grounds alleged.

The order is affirmed.

Barnard, P. J., and Marks, J., concurred.