[Civ. No. 14440.   Second Dist., Div. One.   Oct. 13, 1944.]

PAULINE PETERSON, Respondent, v. ROLAND M. TAYLOR, as Administrator, etc., Appellant.

William M. Taylor for Appellant.

Bishop Moore for Respondent.

DORAN, J.—Appellant in the court below sought to have a default judgment against appellant, as administrator of an estate, and in favor of respondent, vacated. The motion to vacate the default judgment was denied; and this appeal is from the judgment and the order denying the motion to vacate the same.

Respondent filed a complaint against appellant, as administrator, seeking judgment in the sum of $15,200 and interest and costs. The action was based upon a. claim filed against the estate in question.   Appellant thereafter filed an answer to said complaint raising valid defenses and joining issue with the allegations of plaintiff's complaint.   The case

was set for trial on September 22, 1943, at 9:00 a. m. On the day for which trial was set counsel for appellant was twenty-four minutes late in arriving at court; and before said counsel's arrival the case was called on the calendar, heard as a default matter and judgment was thereupon granted defendant and respondent for the amount prayed for in the complaint. Thereafter judgment was entered on September 30, 1943, in the sum of $16,212 with interest, and costs and disbursements amounting to $9.00. On October 7, 1943, appellant, through counsel, gave notice of a motion, set for October 18, 1943, to vacate and set aside the default judgment, and this motion was heard on October 18, 1943, and denied. In support of the motion appellant filed an affidavit by appellant's counsel, stating that on the morning for which said trial was set counsel left his home at 8:00 a. m.; that the usual traveling time from counsel's home to the court was forty minutes, but that on the day in question the public bus on which appellant traveled was delayed by reason of traffic congestion and other reasons unknown to affiant; that while en route in said public conveyance affiant had no means of communicating with the clerk of the court; that after the arrival of affiant in said court, cases were still being called upon the calendar. Respondent contends that no sufficient showing was made that the delay in appearance of counsel was due to mistake, inadvertence, surprise or excusable neglect. The affidavit presented by appellant in support of the motion to vacate the default judgment appears to offer a reasonable excuse for counsel's failure to appear in court promptly; and it does not appear that respondent would have suffered prejudice had the trial judge waited until counsel's arrival before disposing of the case. It is the policy of the law to favor, wherever possible, a hearing on the merits. (*Waybright* v. *Anderson*, 200 Cal. 374 [253 P. 148]; *Waite* v. *Southern Pac. Co.*, 192 Cal. 467 [221 P. 204]; *Dunn* v. *Standard Acc. Ins. Co.*, 114 Cal.App. 208 [299 P. 575].) In passing upon an application to vacate a default, the trial court is to exercise a sound and legal discretion. "This discretion is not capricious or arbitrary, but it is an impartial discretion and is to be exercised in such a manner as to conform with the spirit of the law by subserving and not impeding or defeating the ends of substantial justice." *Toon* v. *Pickwick Stages, Inc.*, 66 Cal.App. 450, at 453, 454 [226 P. 628] (citing

*Waite* v. *Southern Pac. Co., supra.*) Where a default judgment has been entered merely because counsel for defendant was twenty-four minutes late in arriving at court, and particularly where such counsel has offered a reasonable excuse for his tardiness, substantial justice requires such judgment to be vacated in order that the action in question may be tried on the merits; and, under such circumstances, to refuse an application to vacate the judgment, on the grounds given, constitutes an abuse of discretion.

The order denying the motion to set aside the judgment by default is reversed, the court below is ordered to vacate said judgment, and the cause is remanded to the superior court for a trial upon the merits.

York, P. J., and White, J., concurred.