Opinion
COLE, P. J.
Appellant-plaintiff appeals from a default judgment entered against him when he was unable to proceed at trial.[1] This *Supp. 16 occurred when the trial court denied various motions to relieve him from default in filing a timely witness statement (Code Civ. Proc., § 1825.1 and rule 1721, Cal. Rules of Court),[2] and for a continuance and for permission to call plaintiff as a witness. He claims that the trial court abused its discretion. We cannot find any such abuse and affirm the judgment.
The action was subject to the Pilot Project for Economical Litigation (§§ 1823-1833.2 and rules 1701-1751). Section 1825.1 and rule 1721 provide that each party shall file with the court a statement containing the names and addresses of witnesses the party intends to call and a description of physical and documentary evidence. The statute and rule require the statement to be filed within 45 days after the case is at issue. This action, in which appellant sought to recover damages for injuries allegedly sustained in an automobile accident, was “at issue,” as that term is defined in rule 1721 (c), on November 28, 1978, and the witness statement was due to be filed by January 12, 1979. Appellant failed to file such a statement. Respondent timely filed her statement on January 8, 1979. The matter was called for trial on May 31, 1979, notice of trial having been received by appellant on February 23, 1979.
When the parties appeared in the master calendar division on May 31, 1979, appellant’s counsel handed to counsel for respondent a witness statement listing a doctor and appellant as witnesses together with medical bills and a report as documentary evidence. The master calendar court denied a motion for relief from default or a continuance, without prejudice to their renewal in the trial court. The trial court denied similar motions and also denied appellant’s request that she and her doctor be called as witnesses. Appellant declined the court’s offer that he call respondent as a witness, stating that it would be fruitless. The court ordered judgment for respondent in light of appellant’s inability to proceed.
The sole question presented to us is whether these rulings constituted an abuse of discretion. Section 1825.3 and rule 1725 provide that at trial a party may call as witnesses only those persons disclosed in the witness statement and may introduce only physical evidence and documents identified therein, unless relief is granted for any of the causes *Supp. 17 specified in section 473. The advisory committee comment to rule 1725 makes it clear that the rule is intended to apply to those cases, such as here, where no statement at all has been filed as well as to those cases where an incomplete statement was on file. The comment says that in either situation “the introduction of additional evidence is permitted only upon a sufficient showing of mistake, inadvertence surprise or excusable neglect and only upon such terms as may be just.... ”
Trying to establish his right to relief under section 473, appellant argued that his counsel’s twin brother underwent an operation in January 1979 and was found to have inoperable throat cancer. Since that time, counsel stated, he was compelled to devote a good deal of time in assisting his family in this crisis. Similarly, it was argued that the office was open on a part-time basis with the mail being opened and screened by a secretary who also had a medical crisis in her family when her brother was hospitalized from January through April 1979. Counsel stated that he was unable to keep up with the required demands of his practice and that he had previously answered a request for statement of damages,[3] sent interrogatories to respondent and had the matter set for trial. Counsel also argued that he had never litigated a matter under the pilot project and that neither he nor any member of his office was familiar with the rules promulgated thereunder.[4] Failure to file the statement was attributed to office confusion caused by the attempt to handle a volume of cases on a part-time emergency basis, combined with a lack of experience with the pilot project procedures.
In opposition to appellant’s motions, respondent stated that on October 27, 1978, Carol Mulrooney, secretary to appellant’s counsel telephoned to request that respondent answer interrogatories previously propounded by appellant. She was told that interrogatories were not allowed under the pilot project and that she should become familiar with the rules. Counsel also said that at a later date the same secretary inquired as to a date for the taking of a deposition and was again referred *Supp. 18 to the rules; presumably, those precluding discovery in this litigation. (Rule 1719. See § 1825.) (We have called for and examined the municipal court file. We judicially note that the at-issue memorandum signed by appellant’s counsel on November 8, 1978, expressly states, in capital letters at a place approximately one inch above the space for counsel’s signature, “All parties should be familiar with the rules for trial courts in pilot project for economical litigation (Calif. Rules of Court, Rules 1701 and following)).”
Principal reliance is placed by appellant upon Stub v. Harrison (1939) 35 Cal.App.2d 685 [96 P.2d 979], There it was held that the trial court did not abuse its discretion in granting relief from a default occasioned by a serious injury occurring to the son of defense counsel just prior to the time a defense pleading should have been filed. In affirming the order granting relief from default the court adverted to the remedial philosophy behind section 473, the fact that appellate courts are more inclined to affirm orders granting relief from default than those denying them, and the principle that the section is to be liberally construed particularly where an omission on the part of an attorney might otherwise penalize a litigant. We agree with these principles, and, had the trial court here granted relief from default we would have been most hesitant to upset that ruling, since it would appear to lie well within the limits of the court’s discretion.
But, as Stub v. Harrison points out, even the fact that an appellate court would have reached a conclusion opposed to thát of the trial court (and we do not intimate that we would have ruled differently in this case) “would not necessarily be indicative of an abuse of discretion on the part of the trial court....” (35 Cal.App.2d at p. 689.) This proposition applies to rulings under section 473 where the trial court has denied motions for relief from default in the late filing of required pleadings. (A & B Metal Products v. MacArthur Properties, Inc. (1970) 11 Cal.App.3d 642, 648, 650 [89 Cal.Rptr. 873].)
So, in this case we cannot say that there was an abuse of discretion. Appellant’s counsel concededly knew of the rules. His personal misfortune extended over such a long period of time that there was opportunity to secure other counsel, or to ask for relief from default prior to trial. Further, the fact that respondent’s counsel suggested, as an alternative in the event the court was inclined to grant some relief, that sanctions be imposed did not require the motions to be granted. As the advisory committee comment makes clear, the imposition of sanctions *Supp. 19 as a condition of relief from default first requires a sufficient showing of mistake, inadvertence, surprise or excusable neglect. That is lacking here.
The judgment is affirmed. Respondent to recover her costs on appeal.
Dowds, J., concurred.

The appeal also is noticed from the court’s orders denying various motions. No appeal lies directly from such orders, the actions below being reviewable upon appeal *Supp. 16 from the judgment. Insofar as the appeal purports to be from various orders it is dismissed.

All further statutory section references are to sections of the Code of Civil Procedure. All further rule references are to rules found in the California Rules of Court.

On August 18, 1978, respondent filed a “request for nature of damages” pursuant to section 425.11. The section is limited by its own terms to actions in the superior court. Appellant replied, however, on October 26, 1978, stating that he sought $3,500 general damages for pain and suffering and special damages of $1,203 for medical and X-ray reasons and $81.80 for property damage.

This statement is to be contrasted with appellant’s opening brief. There, appellant disclaims ignorance of the pilot project rules but argues inexperience in complying with them and in understanding the consequences that lie hidden therein, in light of the other distressful circumstances then existing.