| 57 | 193 |
| 112 | 13 |

[No. 6,572.—Department One.]

PETER EARLY v. THE TOWN OF REDWOOD CITY,
DEFENDANT, AND B. F. DUNHAM ET AL., INTERVENORS
AND RESPONDENTS.

ASSIGNMENT—CONSTRUCTION OF CONTRACT.—An assignment was made by C.
of all his interest in Redwood City water-works bonds, except so much as
would suffice to pay a debt of C. to P., for which (as recited in the assign-
ment) said bonds were held as collateral security; and P. was directed to
transfer all of the interest of C. to the assignee. At the date of the assign-
ment, C. owned $20,000 of said bonds, and was entitled to receive $3,103.83
more, when he should complete certain work then in progress; all of said
bonds being in possession of P. The said work was afterwards completed.
*Held*, that the right to the $3,103.83 of bonds passed under the assignment to
the assignee.

ATTACHMENT—GARNISHMENT. — Upon said facts, prior to the completion of
said work, the interest of C. in said $3,103.83 of bonds was not liable to
attachment. To attach tangible property, or garnishee a credit, it is essen-
tial that the property or credit exist.

APPEAL from a judgment, in the Twelfth District Court,
County of San Mateo. DAINGERFIELD, J

This is an action to enjoin the defendant, the town of Red-
wood City, from paying certain water-works bonds to the de-
fendant John Caddy, and to determine the right of the plaintiff
to said bonds. The plaintiff claimed the bonds under an attach-
ment in an action against Caddy, levied by serving a notice of
garnishment upon the town of Redwood City on May 16th,
1877, and under a subsequent sale of the same by the sheriff
in said action. The work mentioned in the opinion was com-
pleted on June 11th, 1877.

The intervenors derived their claim to the bonds under a
purchase from the assignees in the assignment set forth in the
opinion. The intervenors had judgment in the Court below,
and the plaintiff appealed.

*Harmon & Galpin*, for the Appellants.

The contract provided for an arbitration, the claim was re-
ferred, and the award found that there was due Caddy $3,103.83
at the time of the submission. But the award did not deter-
mine how much of the $3,103.83 was allowed *on the extra
work*, nor how much was due to Caddy, May 16th. According

to the award, at least $2,654.33 ($3,103.83 less $449.50) was due Caddy. (*Patrick* v. *Montader*, 13 Cal. 443.)

If the contract required a completion of the work and certificate of the engineer before payment was due, it is manifest that the contract was afterward changed, for payments were made from time to time, until $20,000 had been paid.

Up to this date, there is no proof in regard to engineer's certificates having been made, and the presumption is fair that they were waived.

We seized this debt under our attachment of May 15th, and no subsequent assignment of the bonds by Caddy could deprive the town of the right to apply the bonds in payment of the debt.

*McAllister & Bergin*, for Respondent.

In order to be attached, the debt must be legal, and not equitable. (*Hassie* v. *Congregation*, 35 Cal. 378; *Webster* v. *Steele*, 75 Ill. 544.)

It must be payable in money. (*Fuller* v. *O'Brien*, 121 Mass. 422; Drake on Attach. § 550.)

It must be due at the time of the service of process. (Code Civ. Proc. § 544; *Norris* v. *Burgoyne*, 4 Cal. 409; *Baltimore & O. R. R. Co.* v. *McCullough*, 12 Gratt. 598.)

McKINSTRY, J.:

It is urged by appellant, that the assignment from John Caddy to intervenors does not include the three bonds of defendant alleged to have been seized, under a writ of attachment, by appellant. The assignment is in words and figures following:

"REDWOOD CITY, May 23rd, 1877.

"For value received, I have sold and assigned, and do hereby transfer, to B. F. Baker and Dunham, Carrigan & Co. all my right, title, and interest in the bonds of the town of Redwood City, known as the water-works bonds, except so much of the proceeds of the sale of said bonds as is required to repay to the Pacific Bank of San Francisco all money advanced to me, and for which said bonds are held as collateral security;

and I do hereby authorize and instruct said Pacific Bank to transfer to B. F. Baker and Dunham, Carrigan & Co. all of my right, interest, and ownership, in accordance with the above agreement.      JOHN CADDY."

Counsel for appellant place some stress upon the words " all my right, title, and interest " in the assignment, and inquire: " If it was intended to transfer any interest in other than the $20,000 of bonds, why not assign the other bonds absolutely ? " The reason would seem to be sufficient, because the other bonds had not been *delivered* to Caddy. The general operative words of assignment would seem to be broad enough—" all my right * * * in the bonds of the town of Redwood City, known as the water-works bonds." We think the *exception* does not exclude from the transfer any part of the bonds in which Caddy had a present or contingent interest. All the bonds ($25,000) which the town was authorized to issue were, at the date of the assignment, in the Pacific Bank. Twenty thousand dollars of bonds had been delivered to Caddy, and by him pledged to the bank. Of the remaining $5,000 in the bank, Caddy would be entitled to recover $3,103.83, in case he should perform all the conditions of the contract between him and the town, by him to be performed. So much of the recital in the assignment as intimates that " said " bonds were held by the bank as collateral security is, if taken literally, an evident mistake, since only a portion of the " water-works bonds " were so held; it is not a limitation upon the assignment. The last clause only requires the bank to recognize the assignee as the general holder of the bonds by it held as collateral.

To attach tangible property, or garnishee a credit, it is essential that the property or credit exist. If, therefore, the town of Redwood City owed Caddy nothing when a copy of attachment was served upon the town officers, in the action *Peter Early* v. *John Caddy*, the plaintiff in such action secured no lien upon any sum, in cash or bonds, which might subsequently become due from the town to Caddy. (Code Civ. Proc. § 542.)

It is urged by counsel for appellant, that, inasmuch as but $20,000 of the whole contract price—$23,103.83—had been paid to Caddy prior to the alleged garnishment, while it appears from the bill of exceptions that the work and materials

subsequently by him done and furnished were only of the value of $449.50, there *must have been due* to Caddy, at the time of the garnishment, $2,654.33.

But *non sequitur*. By the terms of the contract between the town and Caddy, the latter was to receive, in bonds, $23,103.83 in full for all work done and materials furnished in pursuance of the specifications. Prior to the submission to arbitration of his claim against the town, he had received $20,000, and the award in his favor was for the sum of $3,103.83 in bonds, which, together with the sum already received, makes the exact amount he was to receive for work and materials according to the contract. The arbitrators, therefore, allowed him *nothing* for extra work or materials. The bill of exceptions recites, "The work done and materials furnished by Caddy, from the 16th day of May up to the completion of the contract, *was worth* $449.50." In the fifth finding, it is stated, that "the whole of the $25,000 in bonds was placed on deposit in the Pacific Bank, subject to the order of the president and secretary of the board of trustees of said town of Redwood City, by whom checks or orders therefor were given to said Caddy as the work progressed," etc. The contract itself provided, that the bonds should be drawn by check or order of the town in favor of Caddy for the amounts that should be due the latter "according to the certificate of the engineer in charge." The finding is not contradictory of this provision of the contract, since the checks may have been given "as the work progressed" upon "certificates of the engineer in charge," and we must suppose such was the fact. Prior to the 16th of May, then, the engineer has issued certificates on which had been issued orders amounting to $20,000. It follows that there became due $3,103.83, according to *the contract*, when Caddy subsequently completed the job in accordance with the specifications.

The fact that the Court found that the work done and the materials furnished after the 16th day of May were really worth but $449.50, was immaterial, since, on the completion of the contract, Caddy was entitled to all of the consideration which he had not already received. The contract provided, "The whole amount of $23,103.83 shall be paid to the party of the first part (Caddy), upon the full completion of said works,"

etc.   It follows, that, when the town was garnisheed (May 16th, 1877), no part of the $3,103.83 was due to Caddy, the defendant in the action in which the attachment was issued.

Even if we could assume that the orders for the $20,000 of bonds were given without certificates from the engineer, the result would be the same.   In the absence of any alleged fraud on the part of the engineer, Caddy would not be entitled to *more* of the contract price without the engineer's certificate, because he had already received $20,000 without such certificates.

Order affirmed.

Ross, J., and McKEE, J., concurred.