[Civ. No. 32108.    Second Dist., Div. One.    May 17, 1968.]

BETTY EVANS MEACHAM, Plaintiff and Respondent, v. DOUGLAS G. MEACHAM, Defendant and Appellant.

Dunn, Hart & McDonald, James T. McDonald and Frank M. Ennix for Defendant and Appellant.

Brydolf, Gray, Whyte & Harrison and Charles A. Harrison for Plaintiff and Respondent.

LILLIE, J.—By an interlocutory decree of divorce entered in January of 1958, defendant was ordered to pay stated sums for child support, alimony and fees for services rendered by

plaintiff's attorney. On December 11, 1958, a writ of execution was issued in favor of plaintiff's counsel, defendant being in arrears in the payment of attorney's fees. Pursuant thereto, the appropriate officer levied upon certain of defendant's property consisting of his interest in an agreement dated November 25, 1955, between the parties to this proceeding and Mr. and Mrs. Dockum; on December 30, 1958, and after posting notice as required by law, defendant's interest was sold to plaintiff's attorney in full satisfaction of the judgment for attorney's fees. Thereafter plaintiff's attorney transferred his interest in the agreement to plaintiff and her children who, on August 7, 1965, transferred their respective interests to the Dockums.

In January of 1966, defendant's arrearage for child support and alimony then being in excess of $16,000, a second writ of execution was issued at plaintiff's request. (Apparently defendant was about to receive an inheritance from his deceased mother's estate.) Defendant thereupon filed a motion to quash the execution of January 1966, to set aside the execution sale of December 30, 1958, and for an order directing the clerk to enter full satisfaction of judgment. Although the court awarded defendant credit for certain sums paid by him, it denied the relief otherwise sought by his motion. Defendant appeals from the order.

The Meacham-Dockum agreement was one whereunder the Dockums were to manufacture and market a device (known as "Wizard Wedge") conceived by defendant, paying certain percentages of the profits (in the nature of royalties) to the Meachams.[1] According to appellant, the above contract was wholly executory in character and therefore conjectural in value because of its dependence upon dubious and uncertain events; thus his interest in the contract was not the kind of property subject to levy and sale under execution as provided generally by section 688, Code of Civil Procedure. This section states in part that "All goods, chattels, moneys or other property, both real and personal, or any interest therein, of the judgment debtor, not exempt by law . . . are liable to execution." It is further argued by appellant that if, for the reason just stated, the execution sale of December 30, 1958, was without sanction of law, all proceeds received from

[1]The primary object of the particular device, referred to in the agreement as an "invention," is "to provide a dental wedge which will securely retain a dental matrix in correct position to facilitate tooth filling operation, in such a way that there will be no overhang or over extension of amalgam into the gingival or gum tissue causing irritation thereof."

defendant's interest thus sold should be applied to satisfaction of the remaining portions of the judgment relating to child support and alimony. (Because of a family relationship, plaintiff has received from the Dockums sufficient sums to pay the judgment even though the product producing the income was not the device originally contemplated under the agreement.)

With more particularity section 688 provides that "Shares and interests in any corporation or company, and debts and credits, and all other property, both real and personal, or any interest in either real or personal property, and all other property not capable of manual delivery, may be lievied upon or released from levy in like manner as like property may be attached or released from attachment, . . . provided, that no cause of action nor judgment as such . . . shall be subject to levy or sale on execution. . . ." The interest here sold under execution, argues appellant, was not an interest in "goods, chattels, moneys," nor was it a share in a corporation or "property not capable of manual delivery." In short, appellant contends that the only other kind of property mentioned in the governing statute under which the instant interest may properly be classified is a "debt" and, citing *Schirmer Stevedoring Co., Ltd.* v. *Seaboard Stevedoring Corp.*, 306 F.2d 188, 193, argues that while "debts" may include those still unmatured, the term "does not include rights under a still executory contract. [Citation.]" For the following reasons we conclude the above claims to be without substance and that the order should be affirmed.

■ Since the governing statute (section 688) provides in pertinent part that property "may be levied upon or released from levy in like manner as like property may be attached or released from attachment," many of the cases relied on, pro and con by each side, deal with problems relating to garnishment; because it serves the same purpose, it is but a form of attachment—the property attached being in the hands of or under the control of a third person (the garnishee). (See Code Civ. Proc., § 543 et seq.) ■ Accordingly, appellant correctly points out that there are two basic means by which a creditor can secure his debtor's property: first, by attachment prior to judgment and second, by execution after judgment, adding that "if you cannot garnishee an interest, you cannot execute on it." He relies on *Early* v. *Town of Redwood City*, 57 Cal. 193, a so-called executory contract case where garnishment was attempted on funds due defendant in the future from Red-

wood City after certain work had been performed; it was there held that since no money was then due, nothing could be attached. ■ More recently it has been held, however, that "While a 'debt which is uncertain and contingent in the sense that it may never become due and payable, is not subject to garnishment' [citations], it is now established in this state that a present right of action upon the obligation is not essential to a valid garnishment and that earlier statements or intimations to the contrary, as in *Early* v. *Town of Redwood City,* 57 Cal. 193, no longer square with the prevailing doctrine. [Citations.]" (*Brunskill* v. *Stutman,* 186 Cal.App.2d 97, 104 [8 Cal.Rptr. 910].) ■ It is further stated in *Brunskill* that "Mere uncertainty in the amount of the debt at the time of the levy does not defeat the garnishment if the amount of the obligation is susceptible of measurement by facts then known, or by subsequent events." (*Supra,* p. 104.) ■ Also cited in the same case is the following statement of the law: "Where there is no contingency as to the garnishee's liability, the only contingency being as to the amount thereof, and where the amount of the liability is capable of definite ascertainment in the future, there is no such contingency as prevents garnishment of the claim, even though, it has been held, it may be that eventually it will be found that nothing is due. . . ." (P. 105.)

■ The above principles seem to be applicable here. From defendant's own affidavit supporting the motion to quash (Cl. Tr. pp. 29-30), it appears that in November of 1955 he and plaintiff assigned to the Dockums their rights and interests in and to the subject device, and the Dockums agreed in turn "to pay quarterly to affiant and plaintiff a percentage of the monthly average net sales of dental wedges." Although there may have been other payments thereunder, the record reveals payments of $56 for the last quarter of 1958 (Cl. Tr. p. 41), $226.08 for the first quarter of 1959 (Cl. Tr. p. 93) and $51.04 for the second quarter of 1959 (Cl. Tr. p. 46). Still later, as noted earlier, plaintiff and her children transferred their interests to the Dockums; such transfer was in consideration for fixed amounts payable three times each year, which fact (together with the previous quarterly payments) does not accord with the claim of appellant that the original contract was so dubious and uncertain that his interest therein could be purchased to his detriment at a nominal price.

■ With respect to the point last mentioned,[2] *Pavlovich* v. *Watts,* 46 Cal.App.2d 103, 107 [115 P.2d 511], holds that "Mere inadequacy of price, however gross, is not of itself a sufficient ground for setting aside a sale legally made. [Citation.]" The same case is also authority for the principle that if the garnishment is regarded as an actual levy on the claim or debt itself, equivalent to seizure of tangible property, the judgment creditor may have the claim or debt itself sold on execution. (See Witkin, Cal. Procedure (1954) pp. 2014-2015.)

■ Since the levy and subsequent sale were not invalid, the order appealed from should be upheld upon the further ground of defendant's laches. Although the execution sale took place at the end of December 1958, and defendant within two weeks thereafter was aware thereof, he waited over seven years to assert the claims presently made. Meantime there was a change in the position of the parties. ■ The question of laches was raised by plaintiff in the trial court; since no reference thereto was made in the written findings, defendant now contends that this aspect of the case should be disregarded. Overlooked, however, is the doctrine of "implied findings." Defendant made no request for specific findings (Code Civ. Proc., § 634), and we accordingly infer that the court found favorably to plaintiff on this material issue.

As indicated at the outset, appellant's whole case stands or falls on the resolution of the matters above discussed; consideration of other subsidiary points therefore becomes unnecessary.

The order is affirmed.

Wood, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 10, 1968.

---

[2]Defendant enlarges upon this aspect of the case by asserting that an affirmance of the order would give plaintiff "a windfall in excess of $13,000" even though at the time of the original levy only a very small fraction of such sum had accumulated.