**SILVER SAGE PARTNERS, LTD., a California limited partnership; Robert E. Fillett, Paul Saben, Richard L. Earlix, general partners and individually; Michael S. Linsk, Plaintiffs—Appellees,**

**Public Entity Risk Management Authority, Intervenor—Appellant,**

v.

**CITY OF DESERT HOT SPRINGS, Defendant—Appellee,**

**and**

**Desert Hot Springs City Council, Defendant.**

**Nos. 02–57082, 03–55394.**

**D.C. No. CV–91–06804–CBM.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2003.

Decided Nov. 12, 2003.

William J. Davis, Davis & Company, P.C., Los Angeles, CA, for Plaintiffs–Appellees.

Austin R. Gibbons, Peter A. Urhausen, A. Byrne Conley, Esq., Gibbons & Conley, Walnut Creek, CA, for Intervenor–Appellant.

Kevin P. McVerry, Graves, Roberson & Bourassa, Thousand Oaks, CA, for Defendant–Appellee/Defendant.

Before BRUNETTI, T.G. NELSON, and SILVERMAN, Circuit Judges.

### MEMORANDUM *

The Public Entity Risk Management Authority ("PERMA") appeals the district court's grant of Silver Sage Partners, Ltd's ("Silver Sage") motion to enforce its judgment against the City of Desert Hot Springs ("the City") by means of a writ of garnishment. Because the district court lacked supplemental jurisdiction over the action, we reverse and remand. The parties are familiar with the facts, and we will not recite them here.

The district court concluded that it had supplemental jurisdiction over Silver Sage's motion for a writ of garnishment. We would agree if Silver Sage indeed sought to garnish a debt PERMA owed to the City.[1] On close examination, however, it is clear that there is nothing to garnish. Silver Sage does not claim that PERMA owes anything to the City.[2] Instead, Silver Sage claims that PERMA owes money di-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See Thomas, Head & Greisen Employees Trust v. Buster*, 95 F.3d 1449, 1454 (9th Cir. 1996) (finding supplemental jurisdiction where collection action involved no new legal theory, but merely sought to wrest sums that the judgment debtor had wrongfully transferred to third parties).

2. *Cf. Meacham v. Meacham*, 262 Cal.App.2d 248, 68 Cal.Rptr. 746, 748 (1968) (defining a writ of garnishment as a form of attachment that applies when the property being attached

rectly to it as a third-party beneficiary of the agreement between PERMA and the City. This is a new theory based not on garnishment but on contract.[3] Accordingly, *Peacock v. Thomas* governs,[4] and we reverse. Jurisdiction, if it lies, must stem from some other source. Because the other potential source of jurisdiction, 28 U.S.C. § 1334, is appropriately first considered by the district court, we remand.

REVERSED AND REMANDED.

is in the hands of, or under the control of, a third party).

3. *See, e.g., San Diego Hous. Comm'n v. Indus. Indem. Co.,* 95 Cal.App.4th 669, 116 Cal. Rptr.2d 103 (2002) (allowing independent action by judgment creditor against judgment debtor's insurer on the policy between insurer and judgment debtor).

4. *Peacock v. Thomas,* 516 U.S. 349, 359–60, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996) (concluding that no supplemental jurisdiction existed where claim involved a new legal theory).