Jay R. THOMAS, John A. Thomas, and Jean A. Thomas, parents of Jay R. Thomas, Plaintiffs-Appellants,

v.

IOWA NATIONAL MUTUAL INSURANCE COMPANY, School District of Menomonee Falls, John H. Manz, Ronald H. Hartzell, David J. Dimick, David Schmidt, Gloria Cridelich, Debbie L. Stevenson and Robert Stevenson, father of Debbie L. Stevenson, Defendants,

Ronald SCHMIDT, Defendant-Respondent. [Case No. 85–1392.]

Jay R. THOMAS, John A. Thomas, and Jean A. Thomas, parents of Jay R. Thomas, Plaintiffs-Appellants,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant,

STATE FARM FIRE & CASUALTY COMPANY, Defendant-Respondent. [Case No. 85–1393.]†

Court of Appeals

*Nos. 85–1392, 85–1393. Submitted of briefs February 13, 1986.—Decided May 7, 1986.*

(Also reported in 390 N.W.2d 572.)

† Petition to review denied.

For the plaintiffs-appellants, the cause was submitted on the briefs of *Edward P. Rudolph* of Elm Grove.

For the defendant-respondent, the cause was submitted on the briefs of *John E. Schapekahm* of *Schulz & Schapekahm, S.C.* of Milwaukee.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.   The issue on this appeal concerns sec. 895.035(1), Stats.—the parental liability statute. The statute allows recovery for personal injury and property damages directly attributable to any willful, malicious or wanton act of the child. Recovery is limited to $1,000 plus costs and disbursements. The exact wording of the statute allows for "costs and disbursements directly attributable to any wilful, malicious or wanton act of the child." The question here is whether this phrase permits a more expansive definition of the term "disbursements" so as to include medical and hospital bills "disbursed" for the care and treatment of maliciously inflicted injuries. We answer the question in the negative and therefore affirm the trial court.

The appellants are Jay R. Thomas and his parents, John A. Thomas and Jean A. Thomas. On March 11, 1980, Jay R. Thomas was subjected to a physical battery by David Schmidt, a minor. Among others, the Thomases sued David Schmidt's parents. The parents brought a motion for summary judgment grounded on their limited liability under sec. 895.035(1), Stats. A judgment was entered in favor of the Thomases for $1,000 plus taxable costs and disbursements of $479.05. The Thomases appeal, arguing that the judgment should have included an additional $7,714.56 for medical expenses.

In reviewing a grant of summary judgment, this court must apply the standards set forth in sec. 802.08(2), Stats., in the same manner as the trial court. *Preloznik v. City of Madison,* 113 Wis. 2d 112, 115–16, 334 N.W.2d 580, 582–83 (Ct. App. 1983). This court must reverse the grant of summary judgment if it finds incorrect the trial court's determination that there is no genuine issue of material fact, *Garrett v. City of New Berlin,* 122 Wis. 2d 223, 228, 362 N.W.2d 137, 140 (1985), or if the trial court incorrectly decided a legal issue. *Arnold v. Shawano County Agricultural Society,* 111 Wis. 2d 203, 209, 330 N.W.2d 773, 776 (1983), cited by *Welter v. Singer,* 126 Wis. 2d 242, 248, 376 N.W.2d 84, 86 (Ct. App. 1985).

Since construction of a statute is a question of law, *Department of Employment Relations v. Wisconsin Employment Relations Commission,* 122 Wis. 2d 132, 138, 361 N.W.2d 660, 663 (1985), and summary judgment is appropriate where a question of law decides the case, *Garchek v. Norton Co.,* 67 Wis. 2d 125, 130, 226 N.W.2d 432, 435 (1975), this case is properly decided on a motion for summary judgment.

The full text of the parental liability statute, sec. 895.035(1), Stats., states as follows:

> The parent or parents having legal custody of an unemancipated minor child, in any circumstances where he or they may not be otherwise liable under the common law, shall be held liable for damages to property or for personal injury attributable to a wilful, malicious or wanton act of the child not to exceed $1,000, *in addition to taxable costs and disbursements directly attributable to any wilful, malicious or wanton act of the child.* [Emphasis added.]

The Thomases contend that the statutory phrase "disbursements directly attributable to the wilful, malicious or wanton act of the child" means the out-of-pocket expenses resulting from injuries caused by the offending child, including the disbursements for medical bills directly attributable to the willful acts of the minor.

They argue that the words "directly attributable to a wilful, malicious or wanton act of the child" are a modifier for the word "disbursements." To read it this way, claim the Thomases, avoids the statute's being superfluous. The Thomases view their interpretation as a legislative determination that parents will be held liable for paid out expenses in addition to consequential damages. Thus, under the Thomases' view, medical and hospital bills disbursed for the care and treatment of the victim are recoverable as disbursements under the statute.

In support of their argument, the Thomases point to sec. 814.04(2), Stats., and compare that statute with the statute under consideration here. Section 814.04(2) is the general costs and disbursements statute. It does not have a modifier such as the one claimed here. The Thomases conclude that had the legislature intended to define disbursements in the same manner as sec. 814.04(2), it would have been a simple task to use the term disbursements without the modifier.

When the language of the statute is clear and unambiguous, the statute must be interpreted on the basis of the plain meaning of its terms. *Tahtinen v. MSI Insurance Co.,* 122 Wis. 2d 158, 167, 361 N.W.2d 673, 678 (1985). The court must examine the language of the statute itself to determine whether well-informed per-

sons would have become confused so as to find the statute ambiguous. *Id.* Upon examining the statute, we are convinced that the statute is unambiguous.

When a legal term has a well-settled meaning within the law of the jurisdiction, it is presumed that the legislature intended to convey such meaning when using that term in the statute. *Commonwealth v. 2101 Cooperative, Inc.,* 183 A.2d 325, 330 (Pa. 1962); *see also* 2A Sutherland, *Statutory Construction,* § 47.30 (4th ed. 1984), and *Maxey v. Redevelopment Authority,* 120 Wis. 2d 13, 25, 353 N.W.2d 812, 818 (Ct. App. 1984).

There are two well-known legal terms within the text of the instant statute. They are "costs and disbursements" and "damages." The term "costs" has been defined as the usual and ordinary taxable court costs. *Weinhagen v. Hayes,* 179 Wis. 62, 65, 190 N.W. 1002, 1003 (1922). They are awarded to reimburse the prevailing party, to some extent at least, for expenses necessarily incurred in assertion of a litigant's rights in court. *Galowich v. Beech Aircraft Corp.,* 441 N.E.2d 318, 321 (Ill. 1982).

The word "costs" includes disbursements. *Emerick v. Krause,* 52 Wis. 358, 359, 9 N.W. 16, 16 (1881). Stated another way:

> [W]hatever the word "disbursements" in [28 U.S.C.] section 1446(d) may mean, it is to be distinguished from ordinary costs in degree, and not in kind, and still refers only to recoverable expenses of litigation. We find it within the scope of the word "costs" in section 1915(a).

*Pasquarella v. Santos,* 416 F.2d 436, 437 (1st Cir. 1969).

The other universally known legal term, "damages," has been defined as:

> A pecuniary compensation or indemnity, which may be recovered in the courts by any person who has suffered loss, detriment, or injury, whether to his person, property, or rights, through the unlawful act or omission or negligence of another.

*Fee v. Heritage Mutual Insurance Co.,* 17 Wis. 2d 364, 366, 117 N.W.2d 269, 270 (1962), *overruled on other grounds, In re Estate of Stromsted,* 99 Wis. 2d 136, 299 N.W.2d 226 (1980) (citation omitted).

Reading the statute as a whole, medical and other out-of-pocket expenses fit within the legal term "damages," rather than the legal term "costs and disbursements." We conclude that the legislature, knowing full well the legal meaning of the two terms, unambiguously limited *all* damages to $1,000. That would include medical and other out-of-pocket expenses. In addition, the victim is allowed taxable costs and disbursements directly attributable to expenses necessarily incurred in assertion of the right of action in court.

*By the Court.*—Judgment affirmed.