Richard KLEINKE, Sr., Verna Kleinke, Richard Kleinke, Jr. and Karen Redmann, Plaintiffs-Appellants-Cross Respondents,

LUMBERMENS MUTUAL CASUALTY COMPANY, Involuntary-Plaintiff,

v.

FARMERS COOPERATIVE SUPPLY & SHIPPING and Farmland Mutual Insurance Company, Defendants,

William F. RISCH d/b/a Risch's Heating and Air Conditioning and American Family Insurance Co., Defendants-Respondents-Cross Appellants.

Supreme Court

*No. 95–0856. Oral argument May 30, 1996.—Decided June 25, 1996.*

(Also reported in 549 N.W.2d 714.)

For the plaintiffs-appellants-cross respondents there were briefs (in the Court of Appeals) by *William P. Skemp* and *William Skemp Law Firm, S.C.*, LaCrosse and oral argument by *William P. Skemp*.

For the defendants-respondents-cross appellants there were briefs (in the Court of Appeals) by *Robert D. Johns, Jr., Michael L. Stoker,* and *Johns & Flaherty, S.C.,* LaCrosse and oral argument by *Robert D. Johns, Jr.*

DONALD W. STEINMETZ, J. This case presents the following three issues: (1) can a party recover for emotional distress due to the negligent damage to his or her property; (2) did the trial court err in awarding costs to the plaintiffs for mediation fees; and (3) did the trial court err in awarding costs to the plaintiffs for the expenses they incurred photocopying medical records, appraisals, and exhibits. We hold that the public policy criteria of legal causation preclude the plaintiffs in this case from recovering for their emotional distress. Furthermore, we find it unlikely that legal causation will ever be present in a claim for negligent infliction of emotional distress that is based upon property damage. In addition, we hold that the trial court erred in awarding costs as to both the mediation fees and photocopying expenses since there is no statutory authority allowing either taxation.

Plaintiffs, Richard Kleinke, Sr., Verna Kleinke, Richard Kleinke, Jr., and Karen Redmann filed suit against the defendants, Farmers Cooperative Supply & Shipping (Farmers Coop.), Farmland Mutual Insurance Company (Farmland), Risch's Heating & Air Conditioning (Risch's), and American Family Insurance Co. (American Family) alleging property damage, loss of out-of-pocket expenses, and severe emotional distress. The pleadings alleged that Risch's removed a fuel oil tank from the basement of the residence of Richard Kleinke, Sr. and his wife, Verna Kleinke, but

141

left the exterior fill pipe in place. The defendant Farmers Coop. subsequently pumped 300 gallons of fuel oil directly into the Kleinkes' basement. Minutes later, the Kleinkes discovered the oil after Farmers Coop. gave them the bill. During the following months, in addition to physical problems due to oil fume inhalation, Richard Kleinke, Sr. and Verna Kleinke allegedly suffered severe emotional distress and depression from being forced to abandon their home of over 42 years.

Relying on the public policy grounds set forth in *Bowen v. Lumbermens Mut. Cas. Co.*, 183 Wis. 2d 627, 517 N.W.2d 432 (1994), the La Crosse County Circuit Court, Judge Michael J. Mulroy, dismissed plaintiffs' claim of negligent infliction of emotional distress at the pleadings stage. After settling with Farmers Coop. and Farmland, the plaintiffs' remaining claims were tried, and Risch's, found to be 25 percent negligent, was ordered to pay the plaintiffs its proportionate share of the damages. The trial judge also granted the plaintiffs costs and disbursements in the amount of $2,412.55, including a $606.25 award for mediation fees incurred prior to trial and $554.80 for the photocopying of medical records, appraisals, and exhibits. The plaintiffs appealed the circuit court's dismissal of their negligent infliction of emotional distress claim and the defendants cross-appealed on the costs issues. The court of appeals certified all three issues to this court pursuant to Wis. Stat. § 821.08 (1993-94).

We first turn to the dismissal of the plaintiffs' claim for negligent infliction of emotional distress. The determination of whether public policy precludes liability in a negligence claim is a question of law solely for judicial decision. *Morgan v. Pennsylvania General Ins. Co.*, 87 Wis. 2d 723, 737, 275 N.W.2d 660 (1979). This

142

court decides questions of law without deference to the trial court. *Ball v. District No. 4, Area Board*, 117 Wis. 2d 529, 537, 345 N.W.2d 389 (1984). Under Wisconsin's liberal construction of pleadings, however, a claim will be dismissed on the pleadings only if " 'it is quite clear that under no conditions can the plaintiff recover.' " *Morgan*, 87 Wis. 2d at 731 *quoting* Clausen and Lowe, *The New Wisconsin Rules of Civil Procedure, Chapters 801-03*, 59 Marq. L. Rev. 1, 54 (1976). In making or reviewing a judgment on the pleadings, a court must view the complaint most favorably to the plaintiff and accept its allegations as true.

In *Bowen*, this court reexamined the tort of negligent infliction of emotional distress and traced the development of the tort in Wisconsin over the last 60 years. This court ultimately decided to institute a new framework for determining the validity of such claims that was more in keeping with the traditional negligence analysis that has existed in Wisconsin since *Klassa v. Milwaukee Gas Light Co.*, 273 Wis. 176, 77 N.W.2d 397 (1956). *Bowen* held that a viable complaint for the negligent infliction of emotional distress need only set forth the traditional elements of a negligence case: negligent conduct, causation, and injury (severe emotional distress). *Bowen*, 183 Wis. 2d at 654. This court went on to state, however, that:

> It does not necessarily follow that [a claim meeting these three requirements] must be allowed to go forward. A court may decide, as a matter of law, that considerations of public policy require dismissal of the claim. These public policy considerations are an aspect of legal cause, although not a part of the determination of cause-in-fact.

*Id.* As such, although all three of the negligence requirements are present, a court may still dismiss a claim of negligent infliction of emotional distress if legal causation is lacking.

█

In this case, the trial court dismissed the negligent infliction of emotional distress claim on the pleadings. This court has recognized that it is usually better to allow the jury to answer the questions of negligence and cause-in-fact before a court addresses the public policy concerns associated with legal causation. *See Padilla v. Bydalek*, 56 Wis. 2d 772, 779-80, 203 N.W.2d 15 (1973). However, when the pleadings clearly present a question of public policy and the factual issues are simple and clear, it may be advantageous for a trial court to make a determination regarding legal causation at the pleadings stage. *Bowen*, 183 Wis. 2d at 654-55. This case presents such a situation. The facts are relatively simple and the question of legal causation is determinative as to whether the claim is viable.

In *Bowen*, we recognized that a claim for the negligent infliction of emotional distress created problems of claim authentication and unlimited liability. This court concluded that these problems were best solved in negligent infliction of emotional distress bystander cases through the application of the traditional negligence public policy criteria:

> (1) Whether the injury is too remote from the negligence; (2) whether the injury is wholly out of proportion to the culpability of the negligent tortfeasor; (3) whether in retrospect it appears too extraordinary that the negligence should have brought about the harm; (4) whether allowance of recovery would place an unreasonable burden on the negligent tortfeasor; (5) whether allowance of

recovery would be too likely to open the way to fraudulent claims; or (6) whether allowance of recovery would enter a field that has no sensible or just stopping point.

*Bowen*, 183 Wis. 2d at 655. Although *Bowen* discussed these public policy factors in the context of a bystander who witnessed or was involved in the loss of a close family member, they are equally applicable to the alleged emotional distress caused by the negligent damage to property.

An evaluation of these public policy criteria leads us to conclude that it is unlikely that a plaintiff could ever recover for the emotional distress caused by negligent damage to his or her property. First, emotional distress based on property damage is the type of injury that will usually be wholly out of proportion to the culpability of the negligent party. The emotional pain that is recoverable in negligent infliction of emotional distress cases must be related to an extraordinary event. Having one's property damaged is not nearly as devastating as witnessing or being involved in the loss of a close relative, such as in *Bowen*. This is not to say that people cannot become extremely distraught when they learn of damage to their property, especially property which is quite significant to them personally. However, as this court stated in *Bowen*, such types of distress are not "compensated because [they are] life experience[s] that all [unfortunately] may expect to endure." *Bowen*, 183 Wis. 2d at 660.

Second, allowing recovery would place an unreasonable burden on the negligent actors in property damage cases. The defendants are already liable for the cost of the damage to the property. It would be unfair to also hold them liable for the emotional distress that the damage caused the owners. This is

particularly true when the property involved has some sentimental value. In such cases the value of the property itself could be quite small while the recovery for the distress could be significant. Allowing recovery for emotional distress in such cases would be a windfall to the plaintiff and unfair to the defendant.

Third, allowing recovery in such cases creates the possibility of future fraudulent claims. The greater a plaintiff's attachment or sentimental feeling toward the property in question, the greater his or her claim for damages could be. To determine when such an attachment to property is real and when it is false, and to determine exactly how significant the attachment is, would be difficult, if not impossible. Every plaintiff in a negligent property damage case would be encouraged to claim an extreme emotional attachment to the damaged property.

■

Finally, allowing recovery in such cases would remove any logical stopping point to a tortfeasor's liability. Each and every plaintiff in any property damage claim could assert an emotional distress claim based not on the effect of the incident itself, but on how their lives had changed since the underlying incident. Such an allowance could open the way to recovery for stress incurred by any amount of damage to any type of property.

■

We next turn to the two issues relating to the trial court's award of costs to the plaintiffs. Although the questions are distinct, our standard of review for both questions is the same. In *State v. Foster*, 100 Wis. 2d 103, 106, 301 N.W.2d 192 (1981) we stated:

> The terms 'allowable costs' or 'taxable costs' have a special meaning in the context of litigation. The right to recover costs is not synonymous with the right to recover the expense of litigation. This right is statutory in nature, and to the extent that a statute does not authorize the recovery of specific costs, they are not recoverable. . . . Many expenses of litigation are not allowable or taxable costs even though they are costs of litigation.

Thus, any award of a "cost" which is not specifically authorized by a Wisconsin statute constitutes an error of law that must be reversed.

██

Under this standard, we hold that the trial court erred in taxing the defendant for the pretrial mediation fees. There is no Wisconsin statutory provision which authorizes such fees as a taxable cost. Although there is a statutory reference to "the compensation of referees," statutorily, and historically, a referee is a third party asked to prepare a report pursuant to an order of reference and does not include a mediator. Wis. Stat. § 814.04(2),[1] *see also generally* Wis. Stat. § 805.06 (the

---

[1] Wis. Stat. § 814.04(2) provides as follows:

**(2)** Disbursements. All the necessary disbursements and fees allowed by law; the compensation of referees; a reasonable disbursement for the service of process or other papers in an action when the same are served by a person authorized by law other than an officer, but the item may not exceed the authorized sheriff's fee for the same service; amounts actually paid out for certified copies of papers and records in any public office; postage, telegraphing, telephoning and express; depositions including copies; plats and photographs, not exceeding $50 for each item; an expert witness fee not exceeding $100 for each expert who testifies, exclusive of the standard witness fee and mileage which shall also be taxed for each expert; and in actions relating to or affecting the title to lands, the cost of procuring an abstract of title to the lands. Guardian ad litem fees shall not be taxed as a cost or disbursement.

referee statute); *Winnebago Co. v. Dodge Co.*, 125 Wis. 42, 103 N.W. 255 (1905). Neither party asserts that an order of reference was ever issued in this case. Furthermore, even Wisconsin's new alternative dispute resolution statute makes no mention of mediation fees as an appropriate litigation cost award. *See generally* Wis. Stat. § 802.12. In fact, the only statute authorizing an award of fees for mediation deals specifically and exclusively with family law disputes. *See* Wis. Stat. § 814.615.[2]

■

We also hold that the trial court erred as a matter of law in allowing as taxable costs the expenses incurred by the plaintiffs in photocopying medical records, appraisals, and exhibits. In *Ramsey v. Ellis*, 163 Wis. 2d 378, 386, 471 N.W.2d 289 (Ct. App. 1991), the court of appeals held that photocopies could not be taxed against a party pursuant to the costs statute. It ruled that the only statutory authorization for an award of copying costs is "for certified copies of papers and records in any public office." Wis. Stat. § 814.04(2). The court of appeals' interpretation of Wis. Stat. § 814.04(2) comports with its plain meaning and is correct.

As to both costs issues, plaintiffs cite *Zintek v. Perchik*, 163 Wis. 2d 439, 476-77, 471 N.W. 2d 522 (Ct. App. 1991), which held that when Wis. Stat. § 814.04(2), which grants all necessary costs and dis-

---

[2] Wis. Stat. § 814.615 provides as follows:

**814.615 Fees for mediation and studies. . . .**

(3) The court or family court commissioner shall direct either or both parties to pay any applicable fee under this section. If either or both parties are unable to pay, the court shall grant a separate judgment for the amount of the fees in favor of the county and against the party or parties responsible for the fees.

bursement allowed by law to a prevailing plaintiff, is read together with Wis. Stat. § 814.036,[3] the omnibus costs provision, they grant a trial judge complete discretion regarding what costs can be taxed against a party. The court of appeals, however, incorrectly interpreted these two statutes and ignored their plain meaning. The omnibus costs provision simply grants a trial court the discretion to allow costs even "if a situation arises in which the allowance of costs is not covered by secs. 814.01 to 814.035." Wis. Stat. § 814.036.[4] The omnibus costs provision, therefore, only gives the court discretion as to *when* it may allow costs, not as to *what* costs may be allowed. Neither the omnibus cost provision nor the catch-all provision in Wis. Stat. § 814.02 grants the trial court the power to allow costs which are not explicitly authorized by statute.

*By the Court.*—The judgment of the circuit court for La Crosse County is affirmed in part and reversed in part.

[3] Wis. Stat. § 814.036 provides as follows:

**814.036 Omnibus costs provision.** If a situation arises in which the allowance of costs is not covered by ss. 814.01 to 814.035, the allowance shall be in the discretion of the court.

[4] Wisconsin Statutes §§ 814.01-814.035 simply set forth the following situations where a trial court may award costs: (1) to a prevailing plaintiff; (2) in circumstances involving consolidation/equitable action (special proceedings); (3) where there are frivolous claims and counterclaims; (4) defendants; or (5) where there are counterclaims and cross countersuits.