Roger W. Alswager, Plaintiff-Appellant,

v.

Roundy's Inc. and Gerald F. Lestina, Individually
and as agent for Roundy's Inc.,
Defendants-Respondents.

Court of Appeals

*No. 03–2274. Submitted on briefs November 10, 2004.—Decided
December 29, 2004.*

2005 WI App 3

(Also reported in 692 N.W.2d 333.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Roger W. Alswager*, pro se.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Gary A. Marsack, James R. Scott* and *Oyvind Wistrom* of *Lindner & Marsack, S.C.*, Milwaukee.

Before Anderson, P.J., Brown and Nettesheim, JJ.

¶ 1. ANDERSON, P.J.  Roger W. Alswager appeals from an order awarding Roundy's Inc. taxable costs in the amount of $5625.35 and a protective order prohibiting him from communicating with any person regarding the substance of his lawsuit against Roundy's, the circumstances surrounding his employment and/or termination from Roundy's and his opinions relative to the management of Roundy's. He argues that the trial court erred in awarding costs to Roundy's for "exploded trial exhibits" and the "transcription of discovery materials on disk." He further maintains that the trial court erred in issuing, and later failing to vacate, the protective order.

¶ 2.  We hold that Roundy's is not entitled to costs for the "transcription of materials on disk" because such costs are not specifically authorized by WIS. STAT. § 814.04(2) (2001–02),[1] but we decline to address the questions concerning the costs associated with the

_____

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

"exploded trial exhibits" because Alswager has inadequately briefed the issue. We also hold that even if the trial court did err in issuing the protective order or in failing to vacate the order, such error was harmless and that, in any event, the order expires upon its own weight once this case is remitted back to the trial court.

## BACKGROUND

¶ 3.   In March 2001, Roundy's terminated Alswager, an employee of Roundy's for over twenty-five years. In June 2001, Alswager commenced the lawsuit underlying his appeal. In his complaint, he advanced several legal theories, all of which related to the events surrounding his termination. In June 2002, the trial court granted summary judgment in favor of Roundy's on three of Alswager's claims, but permitted the fourth claim, defamation, to proceed.

¶ 4.   In late December 2002, Roundy's filed a motion for sanctions, alleging that Alswager had

> harassed and otherwise sought to influence potential witnesses and parties to the above-captioned action by directly contacting them, as well as their relatives, neighbors, business associates, and social acquaintances, making statements suggesting that Defendants' participation in and/or defense of this litigation has been unethical, immoral, improper, or otherwise of a socially unacceptable nature, and thus embarrassed the witness or party who was the subject of such communication.

Following briefing and a hearing, the trial court granted the motion and issued a protective order against Alswager. The order, filed February 25, 2003, stated:

> It is hereby Ordered that Plaintiff, Roger Alswager, shall not communicate in any manner with any person regarding the substance of the lawsuit; the circum-

stances surrounding the Plaintiff's termination from employment, or any opinions Plaintiff has relative to the management of Roundy's, Inc. The Order does not extend to communications with counsel for Plaintiff or Defendants, state agencies, nor any web site Plaintiff may operate.

Motions to vacate the order were subsequently denied by the court. In denying the motion on February 11, 2004, the court stated that the order remains in place "[u]ntil the appeal has run its course."

¶ 5.    After a short trial on the defamation claim, the jury found against Alswager on April 9, 2003. On May 29, 2003, Roundy's filed a Bill of Costs seeking the taxation of costs incurred in the defense of the action. Roundy's sought taxable costs for "exploded trial exhibits includ[ing] three 2' X 3' expanded exhibits used during the trial of Plaintiff's defamation suit" and for the transcription from cd-rom of hours of conversations Alswager had secretly recorded during his tenure with Roundy's. Alswager filed an objection to the Bill of Costs. After Roundy's revised its original Bill of Costs, Alswager renewed his objections, arguing as he does on appeal, that the "transcription of discovery materials on disk" and the "exploded trial exhibit[s]" were not permissible taxable costs pursuant to *Kleinke v. Farmer's Coop. Supply & Shipping*, 202 Wis. 2d 138, 549 N.W.2d 714 (1996).

¶ 6.    Costs were initially taxed by the Clerk of Courts in the amount of $5625.35. At a hearing at which it considered Alswager's objections to the costs, the trial court ordered Alswager to file a motion to review the taxation of costs. On July 9, the trial court filed a judgment dated simply "23rd, 2003" in which it awarded Roundy's costs equaling the amount assessed by the Clerk of Courts. On July 11, Alswager filed a motion to review the taxation of costs and the motion

hearing was set for August 28. On August 25, concerned that he would not be able to file an appeal within the statutory time limits if he waited until after the trial court issued a decision on August 28, Alswager filed a notice of appeal. The notice of appeal stated that Alswager was appealing from the February 25, 2003 protective order, the order entered on July 9 and "costs and fees if awarded by the circuit court at a hearing to be held on August 28, 2003."

¶ 7. At the August 28 motion hearing, the trial court acknowledged that a notice of appeal had been filed, but proceeded to rule on the issue of costs and fees given the circumstances. The court denied Alswager's motion to review the taxation of costs, but did allow a reduction of $84.97 in the costs, which Roundy's conceded was improperly taxed. In a written order filed September 11, 2003, the trial court amended the judgment to reflect the reduction in costs, awarding Roundy's $5540.38. Alswager now appeals.

## TAXABLE COSTS

¶ 8. As noted at the outset, Alswager challenges the trial court's award of costs on two grounds. We address each cost in turn. First, relying on our supreme court's decision in *Kleinke*, Alswager maintains that the trial court lacked the statutory authority to award costs for the "transcription of discovery materials" because Roundy's simply decided to have the conversations provided on cd-rom transcribed for its own convenience. Roundy's counters that the transcripts of discovery material provided on disk were "necessary disbursements" within the scope of Wis. Stat. § 814.04(2) and were properly allowed by the trial court in its discretion pursuant to § 814.04(2) and Wis. Stat. § 814.036.

604

■■■■

¶ 9.   A trial court may, in its discretion, determine that the requested item of cost was a "necessary" disbursement and grant a party costs on that basis. *See DeWitt Ross & Stevens, S.C. v. Galaxy Gaming and Racing Ltd. P'ship*, 2004 WI 92, ¶ 54, 273 Wis. 2d 577, 682 N.W.2d 839. We will uphold the trial court's exercise of discretion, so long as it examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, arrived at a conclusion that a reasonable judge could reach. *Id.*

■■■

¶ 10.   In *State v. Foster*, 100 Wis. 2d 103, 106, 301 N.W.2d 192 (1981), our supreme court stated:

> The terms "allowable costs" or "taxable costs" have a special meaning in the context of litigation. The right to recover costs is not synonymous with the right to recover the expense of litigation. This right is statutory in nature, and to the extent that a statute does not authorize the recovery of specific costs, they are not recoverable. Many expenses of litigation are not allowable or taxable costs even though they are costs of litigation. (Citations omitted.)

Therefore, any award of a "cost" which is not specifically authorized by a Wisconsin statute constitutes an error of law that must be reversed. *Kleinke*, 202 Wis. 2d at 146–47.

¶ 11.   The authority of the trial court to tax costs to the prevailing party is governed by WIS. STAT. § 814.04. Section 814.04 provides, in pertinent part, that when allowed costs shall be as follows:

> **(2)** DISBURSEMENTS. All the necessary disbursements and fees allowed by law; the compensation of referees; a reasonable disbursement for the service of process or

other papers in an action when the same are served by a person authorized by law other than an officer, but the item may not exceed the authorized sheriff's fee for the same service; amounts actually paid out for certified copies of papers and records in any public office; postage, telegraphing, telephoning and express; depositions including copies; plats and photographs, not exceeding $50 for each item; an expert witness fee not exceeding $100 for each expert who testifies, exclusive of the standard witness fee and mileage which shall also be taxed for each expert; and in actions relating to or affecting the title to lands, the cost of procuring an abstract of title to the lands. Guardian ad litem fees shall not be taxed as a cost or disbursement.

Furthermore, pursuant to WIS. STAT. § 814.036, the omnibus costs provision, "If a situation arises in which the allowance of costs is not covered by ss. 814.01 to 814.035, the allowance shall be in the discretion of the court."

¶ 12. In *Kleinke*, our supreme court addressed the question of what costs may be taxed when WIS. STAT. § 814.04(2) or WIS. STAT. § 814.036 are relied upon. The court rejected our statutory interpretation in *Zintek v. Perchik*, 163 Wis. 2d 439, 476–77, 471 N.W.2d 522 (Ct. App. 1991), *overruled on other grounds, Steinberg v. Jensen*, 194 Wis. 2d 439, 534 N.W.2d 361 (1995), whereby we read § 814.04(2) together with § 814.036 and concluded that they grant the trial court complete discretion regarding what costs may be taxed against a party. *Kleinke*, 202 Wis. 2d at 148–49. It was in this context that the *Kleinke* court made the statement relied upon by Alswager:

> The omnibus costs provision, therefore, only gives the court discretion as to *when* it may allow costs, not as to *what* costs may be allowed. Neither the omnibus cost provision nor the catch-all provision in WIS. STAT.

§ 814.02 grants the trial court the power to allow costs which are not explicitly authorized by statute.

*Kleinke*, 202 Wis. 2d at 149.

¶ 13.  We interpret the *Kleinke* court's holding to mean that the omnibus statute grants no substantive rights to recover costs not listed as recoverable elsewhere in the costs statutes; it simply sets the times and circumstances when such costs are recoverable. This holding is confusing and we are concerned that it has the effect of emasculating the omnibus cost provision and urge the supreme court to revisit *Kleinke*. However, we are bound by the court's decision and apply it to the matter at hand. *See Cook v. Cook*, 208 Wis. 2d 166, 189–90, 560 N.W.2d 246 (1997).

¶ 14.  Consideration of *Kleinke* and its teachings on WIS. STAT. §§ 814.04 and 814.036 convinces us that the trial court erred in awarding Roundy's costs for the transcription of the secretly recorded conversations. As explained, *Kleinke* instructs that the trial court's discretion is limited to "when" the court may allow costs and not "what" costs are allowed. *Kleinke*, 202 Wis. 2d at 149. Section 814.04(2) authorizes imposition of costs for "[a]ll the necessary disbursements . . . allowed by law." Here, the record demonstrates that Roundy's was provided with the surreptitiously recorded conversations as audio files—a perfectly useable format. Roundy's obtained the transcripts of the secretly recorded conversations merely for its own convenience; the record demonstrates that Roundy's simply thought that it could find the relevant material quicker. It has long been the law that costs may not be allowed for such reasons. *Wisconsin Sulphite Fibre Co. v. D.K. Jeffris Lumber Co.*, 132 Wis. 1, 36, 111 N.W. 237 (1907) (transcripts obtained solely for the convenience of coun-

sel are not taxable costs). Accordingly, we hold that the trial court erred in awarding Roundy's costs for the transcription of the cd-roms.

¶ 15. We now turn to the question of the "exploded trial exhibits." The parties dispute whether these trial exhibits constitute photographs or photocopies. *See* WIS. STAT. § 814.04(2) (permitting costs for photographs);[2] *Kleinke*, 202 Wis. 2d at 148 (upholding *Ramsey v. Ellis*, 163 Wis. 2d 378, 386, 471 N.W.2d 289 (Ct. App. 1991), in which we held that photocopies could not be taxed as photographs)). However, neither party directs us to examples in the record of these exhibits and it is impossible for us to render a determination as to whether the costs for all the exhibits are allowable under the pertinent statutes without knowing how to characterize the exhibits. In particular, we do not know if the mechanism employed in "blowing up" one exhibit included making a photo of the exhibit or whether the blowing up process was straight photocopying. WISCONSIN STAT. RULE 809.19(1)(e) requires parties' briefs to contain "citations to the . . . parts of the record relied on," and we have held that where a party fails to comply with the rule, "this court will refuse to consider such an argument . . . . [I]t is not the duty of this court to sift and glean the record *in extenso* to find facts which will support an [argument]."[3] *Tam v. Luk*, 154 Wis. 2d 282,

---

[2] We acknowledge that WIS. STAT. § 814.04 was recently amended and now specifically references photocopying. *See* 2003 Wis. Act 138, § 13. However, the amended version was not enacted until after the trial court issued its order pertaining to the costs and, therefore, does not apply.

[3] We do note that this court has carefully reviewed the record and has not been able to locate all the exhibits that are the subject of the appeal. The Kinko's receipts found in the record do not sufficiently describe the exhibits for our purposes.

291 n.5, 453 N.W.2d 158 (Ct. App. 1990) (citation omitted). Alswager, as the party objecting to the taxable costs, has not met the condition precedent necessary to pursue this appeal and has not adequately developed or supported his arguments. We therefore affirm the trial court on this issue.

## PROTECTIVE ORDER

¶ 16. Alswager challenges the protective order essentially on the following grounds: (1) that the protective order was tantamount to a temporary restraining order or an injunction and he was entitled to, but not afforded, due process protections as a result; (2) that the protective order was unnecessarily overbroad; and (3) that the order violates his First Amendment rights. We need not address the substance of his claims for two reasons.

¶ 17. First, even if Alswager is correct that the trial court somehow erred in issuing the protective order or in failing to vacate the order at a later date, such error was harmless. An error is harmless if there is no reasonable possibility that it contributed to the result reached at trial. *State v. Patricia A.M.*, 176 Wis. 2d 542, 556, 500 N.W.2d 289 (1993). Alswager has failed to demonstrate how the protective order has had a negative impact upon the judgment against him or his ability to further prosecute his claims.

¶ 18. Second, as noted by Roundy's and the trial court, once this case is remitted to the trial court, there is no further need for the protective order and it will expire upon its own weight. Therefore, the questions Alswager raises concerning the protective order are

moot. We do warn Alswager, however, that once the protective order has expired, he does not have free reign to harass or defame the individuals associated with his claim against Roundy's. Wisconsin has both criminal and civil harassment statutes, *see* WIS. STAT. §§ 813.125 and 947.013, and his First Amendment rights to free speech do not include the right to defame a private individual. *See State v. Douglas D.*, 2001 WI 47, ¶ 17, 243 Wis. 2d 204, 626 N.W.2d 725 (right to free speech does not include libel and defamatory speech).

## CONCLUSION

¶ 19. In sum, we reverse the trial court's award of costs for the "transcription of materials on disk" because the trial court lacked the authority to award such costs. We decline to address the parties' arguments concerning the "exploded trial exhibits" because the issue has been inadequately briefed. Finally, we affirm the trial court's protective order, but hold that it expires upon its own weight when this case is remitted to the trial court.

*By the Court.*—Order affirmed in part and reversed in part; order affirmed.