# COURT OF APPEALS
# DECISION
# DATED AND FILED

## July 8, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.  **2024AP512**

**STATE OF WISCONSIN**

Cir. Ct. Nos. **2017CV73**
**2018CV127**

**IN COURT OF APPEALS**
**DISTRICT III**

FRANCIS G. GRAEF,

    PLAINTIFF-APPELLANT,

  V.

APPLIED UNDERWRITERS, INC.,

    DEFENDANT-RESPONDENT.

------------------------------------------------------------

FRANCIS G. GRAEF,

    PLAINTIFF-APPELLANT,

  V.

APPLIED UNDERWRITERS, INC.,

    DEFENDANT-RESPONDENT.

APPEAL from a judgment of the circuit court for Marinette County: JANE M. SEQUIN, Judge. *Affirmed*.

Before Stark, P.J., Hruz, and Gill, JJ.

¶1      GILL, J.   This case concerns whether a circuit court erred by taxing as a disbursement under WIS. STAT. § 814.05 (2023-24)[1] the surety bond premium paid pursuant to WIS. STAT. §§ 618.47(1) and 601.72(1)(c) by Applied Underwriters, Inc. (AUI), the prevailing party in this lawsuit.  This appeal presents two issues of first impression: (1) whether a paid surety bond premium under § 814.05 is a disbursement under WIS. STAT. § 814.04 that is required to be taxed, if so requested by a prevailing party, to the extent a circuit court finds that that the premium was "necessary"; and (2) if so, whether the circuit court in this case erroneously exercised its discretion by concluding that the entire sum of the paid premium was "necessary."

¶2      Here, AUI posted a surety bond under WIS. STAT. §§ 618.47(1) and 601.72(1)(c) in the amount of $2,500,000, purchased with a $75,000 premium. The circuit court ultimately granted AUI's motion to dismiss the lawsuit.  AUI then filed a bill of costs and notice of taxation with supporting affidavits, which included the $75,000 disbursement it made for the surety bond premium.  The circuit court approved the bill of costs.  Francis Graef argues that the circuit court erred by taxing the entire surety bond premium as a disbursement because the cost was extravagant and unnecessary insomuch as the bond was required due to AUI's

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

alleged misconduct and to ensure the financial responsibility of AUI if it were found to be culpable in the lawsuit.

¶3 WISCONSIN STAT. § 814.05 provides that "[a]ny party entitled to recover costs or disbursements in an action or special proceeding may include in such disbursements the lawful premium paid to an authorized insurer for a suretyship obligation." A successful party "is entitled to '[a]ll the necessary disbursements and fees allowed by law' in addition to those enumerated in" WIS. STAT. § 814.04(2). *Kolupar v. Wilde Pontiac Cadillac, Inc.*, 2007 WI 98, ¶18, 303 Wis. 2d 258, 735 N.W.2d 93 (alteration in original) (quoting § 814.04(2)). As explained in more detail below, binding precedent establishes that a circuit court must impose all disbursements and fees allowed by law and requested by a prevailing party to the extent that the court determines, within its discretion, that a particular disbursement was "necessary." *See* § 814.04(2).

¶4 When reading the statutes together, it is clear that a paid surety bond premium under WIS. STAT. § 814.05 is required to be taxed, if a prevailing party chooses to include the paid premium in its bill of costs, to the extent that a circuit court determines that the premium was "necessary." *See* WIS. STAT. § 814.04(2). We therefore conclude that a surety bond premium is a disbursement allowed by law under § 814.04(2), and AUI was permitted to include it in its bill of costs. Once the bond premium was included as a disbursement in AUI's bill of costs, the circuit court was required to order that Graef pay that disbursement to the extent the court found, in its discretion, that the disbursement was "necessary." *See* § 814.04(2).

¶5 Moreover, under the facts of this case, we agree with AUI that the circuit court did not erroneously exercise its discretion by finding that the entire

sum of AUI's paid surety bond premium—made pursuant to a stipulation between the parties—was "necessary" under WIS. STAT. § 814.04(2). Without the surety bond, AUI would have been unable to litigate this case further, and a default judgment likely would have been entered in Graef's favor. *See* WIS. STAT. §§ 618.47(1), 601.72(1)(c). Accordingly, we affirm.

## BACKGROUND

¶6 The operative facts of this appeal have largely been outlined previously in *Graef v. Continental Indemnity Co.*, 2021 WI 45, 397 Wis. 2d 75, 959 N.W.2d 628, and *Graef v. Applied Underwriters, Inc.*, No. 2023AP420, unpublished slip op. (WI App Apr. 9, 2024), *review denied*, 2024 WI 40, 15 N.W.2d 39. *See* WIS. STAT. RULE 809.23(3)(b). For purposes of this appeal, it is sufficient to note that Graef received worker's compensation benefits following a workplace injury in 2012. *Graef*, No. 2023AP420, ¶4. Graef sued his employer's worker's compensation carrier, Continental Indemnity Company, in 2017 following Continental's refusal to cover the cost of his depression medication in June 2015. *Id.* Graef alleged that Continental negligently refused the medication refill, which resulted in worsening depression symptoms, culminating in a self-inflicted, nonfatal gunshot wound to the head in August 2015. *Id.*, ¶¶4-5.

> Thereafter, Continental moved for summary judgment, claiming that Graef brought his claim in the wrong forum because the [Wisconsin Worker's Compensation Act (the Act)] provided his exclusive remedy. The circuit court denied Continental's motion, but we reversed—on the basis that Graef's right to recovery existed under the Act and was the exclusive remedy—and directed the court to grant summary judgment in favor of Continental. *Graef v. Continental Indem. Co.*, No. 2018AP1782, unpublished slip op. ¶¶2, 39 (WI App Feb. 4, 2020). Our supreme court affirmed. *Graef*, 397 Wis. 2d 75, ¶3. On remand, the circuit court dismissed Graef's complaint against Continental.

> During this time, however, Graef also filed a separate lawsuit against [AUI] in Marinette County Case No. 2018CV127. That lawsuit was subsequently consolidated with the suit against Continental in Marinette County Case No. 2017CV73.

*Graef*, No. 2023AP420, ¶¶5-6 (footnotes omitted).

¶7 Graef was granted leave to file an amended complaint, wherein he alleged that AUI was "associated with" Continental "insofar as [AUI] either owned" Continental "or owned the stock in a corporation that owned" Continental. Moreover, Graef alleged that AUI "is an insurance company but is not licensed by the State of Wisconsin or authorized to conduct or do any insurance business in this state." In his briefing supporting the motion to amend the complaint, Graef argued that AUI "operated as an unauthorized insurer and WIS. STAT. §§ 618.47, 610.11, and 618.02(2) forbids its defense (and Motion to Dismiss) because unauthorized people conducting an insurance business may not participate in litigation in Wisconsin Courts."

¶8 Graef argued that AUI should be prohibited from answering the second amended complaint unless or until AUI posted a $5 million surety bond because AUI had failed to show it had "substantial assets … 'available' to satisfy a judgment" as required under WIS. STAT. § 618.47(1)(a). Furthermore, Graef alleged that AUI had engaged in misconduct by practicing as an unlicensed insurer, and Graef referenced instances where AUI was reportedly fined by various state governments across the country for "violating multiple insurance laws." AUI responded, asserting that it was not required to post a surety bond because § 618.47 did not apply and that Graef was attempting to use the bond requirement to secure a default judgment.

¶9      Ultimately, AUI agreed to post a surety bond "to avoid getting embroiled in irrelevant litigation." AUI expressly stated, however, that it "does not concede that it did anything wrong, practiced insurance without a license, or acted as an unlicensed insurer in Wisconsin." The parties stipulated that AUI would post a surety bond in the amount of $2.5 million.[2]

¶10     The circuit court held a hearing on the surety bond issue in February 2022, at which it entered a scheduling order requiring AUI to file a surety bond within 2 weeks and, if it desired, a motion to dismiss within 45 days. AUI then purchased a surety bond in the agreed amount from an insurance company for $75,000.

¶11     In lieu of answering Graef's amended complaint, AUI filed a motion to dismiss, which the circuit court granted. We affirmed the court's decision in April 2024, and our supreme court denied Graef's petition for review. *See **Graef***, No. 2023AP420, ¶¶3, 7.

¶12     Following the circuit court's dismissal of Graef's claims, AUI filed a bill of costs and notice of taxation with supporting affidavits. AUI argued that it was entitled to recover, among other costs, $75,000 for the "lawful premium paid to an authorized insurer for a suretyship obligation." *See* WIS. STAT. § 814.05. Graef objected to AUI's request for $75,000 in the bill of costs, asserting that the circuit court's ability to impose costs is discretionary, *see* WIS. STAT. § 814.04, and that § 814.05 recognizes the court's discretionary authority by "stating that such costs 'may' be included among disbursements." Moreover, Graef argued that

---

[2] The record does not contain a written stipulation, but it appears the parties placed an oral stipulation on the record during a February 2022 hearing. *See infra* note 5.

AUI "incurred that fee solely because it was an unlicensed insurer," AUI was required to purchase the surety bond to retain its "ability to defend this action," and AUI had engaged in misconduct necessitating the need for a bond.

¶13 After additional briefing by the parties, the circuit court granted AUI's request to include the $75,000 spent on the surety bond as a necessary disbursement. The court interpreted WIS. STAT. § 814.05 as stating that a party "may" include in a bill of costs the lawful premium paid for a suretyship obligation, not that a court has discretion in granting those costs. The court agreed with Graef, however, that it could consider whether the paid premium was "excessive or unreasonable" when determining whether the premium was "necessary." *See* WIS. STAT. § 814.04(2). The court found that it was indisputable that AUI incurred $75,000 in expenses to obtain the surety bond and that the costs were necessary pursuant to the parties' stipulation. At the time of the stipulation, neither party "indicate[d] that the actual premium paid was excessive or inflated." Thus, the court concluded that it did not have the "authority to deny" AUI's "claim in this case" even if the cost "may not seem fair," and it entered judgment in favor of AUI, which included the $75,000 paid premium as a disbursement.

¶14 Graef now appeals.

**DISCUSSION**

¶15 In accordance with our previous statement, this appeal presents two issues, the first being whether a paid surety bond premium under WIS. STAT. § 814.05 is a disbursement under WIS. STAT. § 814.04 that is required to be taxed, if requested by a prevailing party, to the extent a circuit court finds that the premium was "necessary," and, if so, whether the circuit court in this case

erroneously exercised its discretion by concluding that the entire sum paid for the premium was "necessary."

¶16 Graef argues that "[t]he statutory scheme shows that bond premiums are not mandatory, but rather discretionary," because the only "mandatory taxable items" are those which are explicitly enumerated under WIS. STAT. § 814.04(2).[3] Graef further argues that the expense AUI paid for the surety bond was unnecessary for AUI to defend the lawsuit in court because the bond "had nothing to do with helping [AUI] make its case in court." According to Graef, the surety bond was required because AUI was "untrustworth[y]," as it made allegedly untruthful statements regarding its license status in Wisconsin and has a record of being fined by other states.

## I. Taxable cost

¶17 This case requires us to interpret and apply WIS. STAT. §§ 814.04 and 814.05. "The interpretation and application of a statute to an undisputed set of facts are questions of law that we review independently." *McNeil v. Hansen*, 2007 WI 56, ¶7, 300 Wis. 2d 358, 731 N.W.2d 273. "[S]tatutory interpretation

---

[3] Graef's precise arguments on appeal are somewhat confusing. In his brief-in-chief, Graef concedes that WIS. STAT. § 814.05 "allows [AUI] to include bond premiums," but he argues that this conclusion "does not mean the Court must enforce the inclusion if the cost is not 'necessary.'" (Formatting altered.) Graef further states that "bond premiums are not mandatory, but rather discretionary." In his reply brief, however, Graef asserts that "the circuit court's use of discretion does not need to be considered" on appeal.

We have done our best to interpret and explain Graef's arguments. To the extent we do not address any arguments that Graef intended to make, we deem such arguments as either insufficiently developed or without merit, and we reject them accordingly. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (declining to address undeveloped arguments); *see also State v. Waste Mgmt. of Wis., Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978), *superseded by statute on other grounds as recognized in State v. Curtis*, 218 Wis. 2d 550, 556, 582 N.W.2d 409 (Ct. App. 1998).

'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.' Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). "[S]tatutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46. Because both §§ 814.04 and 814.05 "deal with the taxation of costs, we must read the two statutes in harmonious fashion." *See Soletski v. Krueger Int'l, Inc.*, 2019 WI App 7, ¶38, 385 Wis. 2d 787, 924 N.W.2d 207; *Kolupar*, 303 Wis. 2d 258, ¶28 ("[W]hen multiple statutes address the same subject area, we read the statutes in pari materia such that both statutes will be operative.").

¶18 WISCONSIN STAT. § 814.01(1) states, "Except as otherwise provided in this chapter, costs shall be allowed of course to the plaintiff upon recovery." *See also State v. Foster*, 100 Wis. 2d 103, 106, 301 N.W.2d 192 (1981) (stating that the right to taxable costs "is statutory in nature, and to the extent that a statute does not authorize the recovery of specific costs, they are not recoverable"). In cases where the plaintiff is not entitled to costs, "the defendant shall be allowed costs to be computed on the basis of the demands of the complaint." WIS. STAT. § 814.03(1).

¶19 "The term 'costs' has been defined as the usual and ordinary taxable court costs. They are awarded to reimburse the prevailing party, to some extent at least, for expenses necessarily incurred in assertion of a litigant's rights in court." *Thomas v. Iowa Nat'l Mut. Ins. Co.*, 132 Wis. 2d 18, 23, 390 N.W.2d 572 (Ct.

9

App. 1986).  WISCONSIN STAT. § 814.04 sets forth the disbursements that "shall" be awarded to a prevailing party in a civil lawsuit.  These include, for example, "a reasonable disbursement for the service of process or other papers in an action when the same are served by a person authorized by law other than an officer" and "amounts actually paid out for certified and other copies of papers and records in any public office."  Sec. 814.04(2).  Notably, § 814.04(2) further provides that a successful party is entitled to "[a]ll the necessary disbursements and fees allowed by law" in addition to those enumerated in that section.  *See also* **Kolupar**, 303 Wis. 2d 258, ¶18.

¶20     An award of taxed costs under WIS. STAT. § 814.04 to a successful plaintiff under WIS. STAT. § 814.01 or a successful defendant under WIS. STAT. § 814.03 is mandatory, not discretionary.  *See* **Duesterbeck v. Town of Koshkonong**, 2000 WI App 6, ¶33, 232 Wis. 2d 16, 605 N.W.2d (addressing § 814.01); **Taylor v. St. Croix Chippewa Indians**, 229 Wis. 2d 688, 695-96, 599 N.W.2d 904 (Ct. App. 1999) (addressing § 814.03); *see also* **Weber v. Auto Owners Ins. Co.**, No. 2014AP1953, unpublished slip op., ¶10 (WI App Feb. 24, 2015); WIS. STAT. RULE 809.23(3)(b).

¶21     "While WIS. STAT. § 814.04(2) enumerates the types of disbursements that may be taxed as costs, it 'does not constrain the [circuit] court's exercise of discretion in determining the amount of costs.'"  **Weber**, No. 2014AP1953, ¶10 (quoting **Aspen Servs., Inc. v. IT Corp.**, 220 Wis. 2d 491, 511, 583 N.W.2d 849 (Ct. App. 1998)).  That is, a circuit court has discretion to determine whether a particular disbursement was "necessary," as required by § 814.04(2).  *See* **Alswager v. Roundy's Inc.**, 2005 WI App 3, ¶9, 278 Wis. 2d 598, 692 N.W.2d 333 (2004); **Weber**, No. 2014AP1953, ¶10.  "Unless the costs proposed are obviously unauthorized, the burden should fall on the objecting party

to point out why they are not authorized or are improperly or inaccurately determined." *Martell v. Klingman*, 11 Wis. 2d 296, 312, 105 N.W.2d 446 (1960).

¶22 By its plain text, WIS. STAT. § 814.05 identifies "the lawful premium paid to an authorized insurer for a suretyship obligation" as recoverable "costs or disbursements." It follows, then, that surety bond premiums fall within the catch-all provision in WIS. STAT. § 814.04(2), permitting "[a]ll the necessary disbursements and fees allowed by law" that "shall" be awarded. *See* § 814.04(2); *see also* **Kolupar**, 303 Wis. 2d 258, ¶19 ("Among the 'necessary disbursements and fees allowed by law' [pursuant to § 814.04(2)] are those authorized under fee-shifting statutes." (citation omitted)); *Confidential Loan & Mortg. Co. v. Hardgrove*, 259 Wis. 346, 351-52, 48 N.W.2d 466 (1951) (reversing, under a previous version of § 814.05, a circuit court's decision "refusing to allow the respondent to tax as a part of his disbursements the amount paid as the premium on the surety bond"); *Skelly Oil Co. v. Peterson*, 257 Wis. 300, 308, 43 N.W.2d 449 (1950) (applying a previous version of § 814.05 in the same manner as *Hardgrove*).

¶23 Nothing in WIS. STAT. ch. 814, including in WIS. STAT. § 814.05 itself, dictates that a circuit court's decision whether to allow a necessary disbursement under § 814.05 is discretionary or equitable. *Cf.* WIS. STAT. § 814.07 (stating that motion costs "may be allowed … in the discretion of the court or judge"). Because a disbursement under § 814.05 is "allowed by law," WIS. STAT. § 814.04(2) requires a circuit court to award the disbursement to a party who requests it pursuant to § 814.05 to the extent that the disbursement was "necessary," as provided by § 814.04(2). *See Alswager*, 278 Wis. 2d 598, ¶9.

¶24 When read together, the statutes clearly dictate that a disbursement for a paid surety bond premium under WIS. STAT. § 814.05 is mandatory in the sense that a circuit court must impose it if a prevailing party requests the premium as a disbursement, to the extent that the circuit court determines the premium was "necessary." *See* WIS. STAT. § 814.04(2). Therefore, the circuit court was required to tax the entirety of AUI's paid bond premium to the extent that the court determined that that sum was "necessary." *See id.*

## II. Necessity

¶25 "Our review of a circuit court's valuation of an award of costs is limited to whether the circuit court properly exercised its discretion." *Kolupar*, 303 Wis. 2d 258, ¶15. "A proper exercise of discretion requires the circuit court to employ a logical rationale based on the appropriate legal principles and facts of record." *Id.* (citation omitted).

¶26 As outlined above, the second dispute in this case is whether the entire sum AUI paid for the surety bond premium was "necessary" for this particular litigation. Citing *Aspen Services*, Graef argues that "Wisconsin courts have used their discretion in determining what is a necessary cost or disbursement in regard to misconduct." In *Aspen Services*, a lease agreement provided that the lessee "shall pay all costs, expenses and reasonable attorney fees that may be incurred or paid by" the lessor "in enforcing the covenants and agreements of" the lease. *Aspen Servs.*, 220 Wis. 2d at 493-94. Following judgment in favor of the lessor for unpaid rent, the circuit court awarded the lessor a portion of its attorney fees and costs of litigation but omitted from the costs more than $44,000. *Id.* The court did not award the full amount of requested attorney fees and costs, stating

that the court was sanctioning that party's attorneys in order to "promote civility in litigation" due to "excessive litigation." *Id.* at 495-97.

¶27     On appeal, we held that a circuit court has both the statutory and inherent authority "to reduce" "for incivility" fees and costs for attorney fees. *Id.* at 495, 498 (citing WIS. STAT. § 802.05).  We concluded that the circuit court did not erroneously exercise its discretion by sanctioning the prevailing party's attorneys because the court considered the excessive litigation involved, including the lessor's involvement in "needlessly increas[ing]" the cost of litigation. *Id.* at 496-97, 499.

¶28     The lessor also argued that the circuit court erroneously exercised its discretion by not awarding it a fee charged by a referee appointed by the court to resolve discovery disputes and videotape deposition fees. *Id.* at 510-11.  The court had imposed a fee for the referee on both parties as "a sanction … for the necessity of appointing a referee to control the discovery process." *Id.* at 511.  Moreover, the court found that it was "not necessary to utilize videotape depositions given the nature of the case" and that the lessor was "in part to blame for creating an atmosphere of untrustworthiness which prompted its decision to use videotape proceedings." *Id.*  We upheld the circuit court's discretionary determinations, noting that WIS. STAT. § 814.04(2) "does not constrain the trial court's exercise of discretion in determining the amount of costs.  That provision allows for the recovery of 'necessary' disbursements and fees." *Aspen Servs.*, 220 Wis. 2d at 511.

¶29     Graef contends that this court in *Aspen* held that the "extravagant nature of the attorney[] fees was a direct result of one party's clear misconduct." He further argues that this court should "follow a similar analysis to the one in

13

*Aspen*." However, the attorney fees issue in *Aspen* was analyzed under the terms of the lease, a circuit court's inherent authority to sanction parties, and the common law reasonableness considerations for attorney fees—none of which are implicated in this case.

¶30 In addition, this appeal differs from *Aspen* in that the circuit court found AUI's paid surety bond premium under WIS. STAT. § 814.05 was "necessary" under WIS. STAT. § 814.04(2), and it did not find that AUI had engaged in misconduct or dishonesty necessitating a surety bond.[4] Contrary to Graef's assertions on appeal, "the sole reason for the bond" was *not* AUI's alleged status as an "unlicensed insurer," nor was the surety bond premium "incurred to ensure [AUI's] honest participation in the litigation." Instead, the surety bond was obtained based upon the parties' stipulation from the February 2022 hearing.

¶31 Pursuant to that stipulation, AUI was required to pay the surety bond premium in this case in order to respond to Graef's amended complaint via a motion to dismiss. *See* WIS. STAT. §§ 618.47(1), 601.72(1)(c). Thus, without evidence or a finding that AUI acted in a fashion that made the expense of the bond unnecessary, it was "necessary" for AUI to pay the bond premium prior to continuing to litigate the case. *See* WIS. STAT. § 814.04(2); *Thomas*, 132 Wis. 2d at 23. Without the surety bond, a default judgment may have been entered in favor of Graef.

---

[4] To the extent that AUI engaged in any misconduct or violated an insurance law, that issue is for insurance regulators, not the circuit court or this court, to determine. A party cannot use litigation—here, objecting to a surety bond premium as a disbursement—as a means to punish a party for any such alleged insurance code violation.

14

¶32 Although the transcript of the February 2022 hearing is not in the record, CCAP[5] entries show that the circuit court entered a scheduling order at the hearing requiring AUI to file a surety bond within 2 weeks and, presumably, if it desired, a motion to dismiss within 45 days. Along with AUI's submissions in the circuit court stating that it was stipulating to posting a surety bond solely so that it could continue with the litigation, the court's scheduling order supports AUI's position on appeal that the surety bond was entered pursuant to a stipulation in order to avoid unnecessary litigation costs. Graef's citations to its allegations of misconduct against AUI in the circuit court do not alter the purpose behind AUI's payment of the bond premium or change the plain purpose of WIS. STAT. §§ 618.47(1) and 601.72(1)(c).

¶33 The circuit court did not erroneously exercise its discretion by determining that the entire $75,000 bond premium in this case was necessary, and Graef failed to meet his burden to show why the costs were not authorized or were improperly or inaccurately calculated. *See Martell*, 11 Wis. 2d at 296. For

---

[5] CCAP, an acronym for Wisconsin's Consolidated Court Automation Programs, "provides public access online to reports of activity in Wisconsin circuit courts for those counties that use CCAP." *State v. Bonds*, 2006 WI 83, ¶6, 292 Wis. 2d 344, 717 N.W.2d 133. We may take judicial notice of CCAP records. *Kirk v. Credit Acceptance Corp.*, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522.

We reject any argument made by Graef that the February 2022 transcript demonstrates the surety bond was obtained due to AUI's alleged misconduct. "It is the appellant's responsibility to ensure completion of the appellate record and 'when an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the trial court's ruling.'" *Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 (citation omitted).

example, Graef did not allege, with any specificity, that the surety bond or premium were too high.[6]

## CONCLUSION

¶34 A prevailing party who pays a surety bond premium may include that expense as a disbursement under WIS. STAT. § 814.05. If a party chooses to include the paid premium as a disbursement, a circuit court must tax that expense to the extent that the court determines, within its discretion, that the expense was "necessary." *See* WIS. STAT. § 814.04(2). Under the facts of this case, we agree with AUI that the circuit court did not erroneously exercise its discretion by finding that the entire sum of AUI's surety bond premium made pursuant to a stipulation was a "necessary" disbursement under § 814.04(2). The stipulation required that AUI file the surety bond in order to continue to litigate the lawsuit and avoid a default judgment. Without evidence to the contrary, Graef failed to meet his burden of demonstrating that the paid premium was unnecessary or excessive. Therefore, we affirm.

*By the Court.*—Judgment affirmed.

Recommended for publication in the official reports.

---

[6] Graef asks this court, for the first time in its reply brief, to "exercise its discretion to sanction [AUI] for the blatantly false affidavit its general counsel gave under oath and its failure to remedy this falsehood by withholding those costs." The alleged filing of a false affidavit occurred in the circuit court. Graef cites no authority, and this court is not aware of any such authority, permitting us to sanction a party for filing a false affidavit in the circuit court. *See Pettit*, 171 Wis. 2d at 646-47. Accordingly, we deny Graef's invitation to impose sanctions on AUI.